In the matter of the application of CHARLES TAYLOR, a colored citizen of the State of Maryland, to be admitted as an Attorney of this Court.

*Attorney at Law—Act of 1876, ch. 264, sec. 3, relating to the admission of Attorneys to practice in the State Courts— Construction of the Fourteenth Amendment of the Constitution of the United States—Power to regulate the Admission of Attorneys in the Courts of a State.*

Under section 3, of the Act of 1876, ch. 264, the privilege of admission as an attorney in the Courts of this State, is limited to *white male citizens* above the age of twenty-one years.

The limitation to the privilege of admission as an attorney in the Courts of this State, as provided by section 3 of the Act of 1876, ch. 264, is not repugnant to the fourteenth amendment of the Constitution of the United States.

The privilege of admission to the office of an attorney is not a right or immunity belonging to the citizen within the meaning of the fourteenth amendment of the Constitution of the United States, but is governed and regulated by the Legislature, who may prescribe the qualifications required and designate the class of persons who may be admitted.

The power of regulating the admission of attorneys in the Courts of a State, is one belonging to the State and not to the Federal Government.

THIS was an application on petition by Charles Taylor, a citizen of Maryland, of African descent, to be admitted to practice as an attorney in this Court. It appeared that the applicant, prior to his becoming a citizen of Maryland, had been duly admitted by the Supreme Judicial Court of Massachusetts to practice as an attorney and counsellor at law in all the Courts of said Commonwealth; and that since giving up his residence in Massachusetts and becoming a citizen of Maryland, he had been admitted as an

attorney at law in the Circuit and District Courts of the United States in the City of Baltimore.

The application was submitted to BARTOL, C. J., STEWART, BOWIE, BRENT, MILLER, ALVEY and ROBINSON, J.

In support of the application the Petitioner submitted the following argument:

The avocation of an attorney at law is open to every citizen of the United States, and of the State wherein he resides, having the qualifications as to age, legal learning and character, which may be prescribed by law for the admission of attorneys. *Constitution of the United States*, *Art.* 4, sec. 2; *Constitution of the United States*, 14 *Amendment*, sec. 1; *Corfield vs. Coryell*, 4 *Wash. C. C. Rep.*, 380; *Slaughter-House Cases*, 16 *Wall.*, 81; *Art.* 11, sec. 6, *of the Maryland Code*.

Admission to the bar is one of that class of privileges that a State Legislature cannot abridge on account of race or color. The fourteenth amendment of the Constitution of the United States is prohibitory in its operation. While it confers no new privilege upon the citizen generally, it prohibits the State from enforcing any law that discriminates against the negro (race) as a class. *Slaughter-House Cases*, 16 *Wall.*, 81; *Constitution of the United States*, 14 *Amendment*, sec. 1.

The privileges and immunities which belong to a citizen of a State as such, cannot be abridged on account of race or color. The negro by virtue of his citizenship is entitled to all the privileges and immunities of citizens of the several States. *Corfield vs. Coryell*, 4 *Wash. C. C. Rep.*, 380–1; *Art.* 4, sec. 2, *of the Constitution of the U. S.;* *Slaughter-House Cases*, 16 *Wall.*, 81; *Ex parte Garland*, 4 *Wall.*, 333; *Paul vs. Virginia*, 8 *Wall.*, 180; *United States vs. Cruikshank*, 2 *Otto*, 555.

A State Legislature has no power to pass any law that will impose any hardship, or place any unequal burdens

upon any of its citizens as a class.  *Wally's Heirs vs. Kenndey*, 2 *Yerger*, 554; *Holden vs. James*, 11 *Mass.*, 396; *Lewis vs. Webb*, 3 *Greenleaf*, 326; *Lock on Civil Government*, sec. 142; *Cooley on Const. Lim.*, 390–1, 576, 583, (2nd *Ed.*)

Whatever the privileges and immunities of the citizen of a State as prescribed by its Legislature in the exercise of its power, they must apply equally to each individual without discrimination on account of race or color.  If to be admitted to the bar on attaining the age and learning required by law, be one of the privileges of a white citizen of Maryland, it is equally the privilege of a colored citizen who has attained the age and qualification prescribed by the Legislature.  *Corfield vs. Coryell*, 4 *Wash. C. C. Rep.*, 380; *Constitution of the United States*, *Art. 4, sec. 2; Constitution of the United States*, 14 *Amendment, sec. 1; United States vs. Cruikshank*, 2 *Otto*, 555; *Article* 11, *sec. 6, of the Maryland Code.*

BARTOL, C. J., delivered the opinion of the Court.

The mode of admitting attorneys in the Courts of this State, and the qualifications required, are regulated and prescribed by the Acts of Assembly.  The provisions on this subject are found in the Code, Art. 11.

The *first* section declares that no attorney, or other person shall practice the law in any of the Courts of this State, without being admitted thereto as herein directed.

The *second* section provides that all applications for admission shall be made in *open Court*.  The *third* section provides that such applications may be made for any "*free white male citizen* of Maryland above the age of twenty-one years" and prescribes the qualifications required, and the proceedings to be had by the Court to determine his fitness and qualifications for admission.  This *third* section was repealed and re-enacted with amendments by the Act of 1872, *chap.* 91; and this last Act was repealed and

re-enacted with amendments by the Act of 1876, *chap.* 264, *sec.* 3, (found on page 469 of the volume of the Acts of Assembly of that year.)  This last Act contains the existing law of the State on this subject, and while it has changed the *third* section of the Code, before referred to, in some particulars, with respect to the qualifications for admission, and the course of proceeding upon such applications, it contains the. same provision, limiting the privilege of admission to the bar, *to white male citizens* above the age of twenty-one years.

The power and duty of this Court being thus limited and defined by law, nothing is left for us except to deny the present application; unless it can be held that the provision of the Code, limiting the right of admission to the bar to white men, has in some way been abrogated or rendered inoperative; and this it is suggested has been done by force of the provisions of the Constitution of the United States, to which it is said this provision in the Code is repugnant.

In support of this position, some reliance has been placed on the *4th section of the 2nd Article,* which provides that "citizens of each State shall be entitled to all the privileges and immunities of citizens of the several States."  It is clear that this section can have no application, as the petitioner is a citizen of this State.  *Bradwell vs. The State,* 16 *Wall.,* 138.

But it is said that the provision of the Code which excludes colored men from the privilege of admission to the bar, is repugnant to the *14th Amendment* of the Constitution, and is therefore inoperative and void.

The *first section* of that amendment is in these words:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.  No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United

States, nor shall any State deprive any person of life liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

In construing this section, we must follow the decisions of the Supreme Court of the United States, whose judgment, as the Court of last resort, is final and conclusive upon the question. That Court was first called on to construe this 14th Amendment in *The Slaughter-House Cases*, 16 *Wall.*, 36.

It was there held that the amendment had reference only to the rights and immunities belonging to citizens of the United States as such, as contradistinguished from those belonging to them as citizens of a State. From the opinion of Mr. Justice MILLER, who spoke for the majority of the Court, we cite some passages which appear to be applicable to the present case. On pages 74 and 75 he says " Of the privileges and immunities of the citizen of the United States, and of the privileges and immunities of the citizen of the State, and what they respectively are, we will presently consider ; but we wish to state here that it is only the former which are placed by this clause, under the protection of the Federal Constitution, and that the latter, whatever they may be, are not intended to have any additional protection by this paragraph of the Amendment." "If then, there is a difference between the privileges and immunities belonging to a citizen of the United States as such, and those belonging to the citizen of the State as such, the latter must rest for their security and protection where they have heretofore rested ; for they are not embraced by this paragraph of the Amendment."

Afterwards in *Bradwell vs. The State*, 16 *Wall.*, 130 — the 14th Amendment was again considered by the Supreme Court. That was an application of Mrs. Bradwell to be admitted as an attorney in the Supreme Court of Illinois; claiming that the right to be so admitted, was a privilege

or immunity belonging to her as a citizen of the United States, protected by the 14th Amendment, and which the State could not abridge. But the Court decided that the right to admission to practice law in the Courts of a State, was not one belonging to citizens of the United States as such, and consequently was not within the protection of the 14th Amendment; but depended on the laws and regulations of the State. The Court based their decision on the principles before announced in "The Slaughter House Cases" to which we have referred, and said "the right to control and regulate the granting of license to practice law in the Courts of a State is one of those powers which are not transferred for its protection to the Federal Government, and its exercise is in no manner governed or controlled by citizenship of the United States in the party seeking such license."

In our opinion these decisions are conclusive of the present case. They determine that the 14th Amendment has no application. It follows that the provisions of the Code are left in full force and operation, and must control our action; we cannot set aside or disregard the provisions of the statute; the Legislature alone can change the law. The privilege of admission to the office of an attorney cannot be said to be a right or immunity belonging to the citizen, but is governed and regulated by the Legislature, who may prescribe the qualifications required, and designate the class of persons who may be admitted. The power of regulating the admission of attorneys in the Courts of a State, is one belonging to the State and not to the Federal Government. As said by Mr. Justice BRAD-LEY in Bradwell's Case: "In the nature of things, it is not every citizen of every age, sex and condition that is qualified for every calling and position. It is the prerogative of the Legislature to prescribe regulations founded on nature, reason and experience, for the due admission of qualified persons to professions and callings demanding

County Comm'rs of Frederick Co. *vs.* Sisters of Charity of St. Joseph.

special skill and confidence.    This fairly belongs to the police power of the State.''    (16 *Wall.*, 142.)

*Application refused.*

(Decided 20th December, 1877.)