# LAUREL CANNING CO. OF PRINCE GEORGE'S COUNTY *vs.* THE BALTIMORE AND OHIO RAILROAD CO.

*Rules of Court; Stet Docket; abatement of action; right to trial by jury. Declaration of Rights; Articles 19 and 20.*

Under Article 26, section 1 of the Code of Public General Laws, Courts of law and equity have the power to adopt rules requiring the trial of cases to be prosecuted within a reasonable time, provided the rules adopted are not contrary to any constitutional or statutory provision.          p. 642

Neither Article 19 of the Declaration of Rights, guaranteeing trials by the law of the land, nor Article 20, relating to jury trials conflict with this power.                      p. 642

If a case is on the trial docket, and the rules, or practice of the Court require trial at a particular time, or as reached on the docket, the Court can enforce its rule and insist upon trial, although it may result in the plaintiff being required to *non pros.* his case; and if the rule of the Court so provides, it is the duty of the Court to enforce it unless there is sufficient cause shown for continuance or other disposition of the case.                                       p. 643

If instead of insisting on trial the defendant agrees that the case may go upon the *Stet Docket,* and if there is a rule of Court declaring that when a case remains on the *Stet Docket* a certain length of time it shall abate, the defendant has the right to assume that, unless the case be brought up for trial, it will abate at the expiration of that time.                    p. 643

And the defendant is not required to take steps to have the case brought forward from the *Stet Docket.*                    p. 643

A rule of the Circuit Court of Howard County requiring the Clerk at the end of each term to enter on a *Stet Docket* all cases, from the Trial and Appeal Dockets undisposed of for four successive terms, and that after a case should have remained on the *Stet Docket* for four continuous terms, it should abate, but further providing that the cause might, before it abated, be transferred from the *Stet Docket* to the Trial Docket for the ensuing term upon certain notice, etc., is a reasonable rule, and it violates neither the Constitution nor any statutory provisions.                    p. 644

*Decided June 22nd, 1911.*

Appeal from the Circuit Court for Howard County (FOR-SYTHE, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, PATTISON and URNER, JJ.

*James J. Lindsay* and *R. R. Boarman,* for the appellant.

The Court declined to hear the *Hon. J. A. C. Bond,* for the appellees.

BOYD, C. J., delivered the opinion of the Court.

This is an appeal from the ruling of the lower Court in refusing to transfer the case from the *Stet Docket* to the Trial Docket of that Court for the March Term, 1910. The Court held that the case had abated under one of its rules,

which is as follows: "The Clerk shall prepare and keep a *Stet Docket* and shall enter thereon, at the end of each term of Court, all such causes from the Trial and Appeal Dockets as shall have been thereon undisposed of for four successive terms. That after a case shall have remained on said *Stet Docket* for four continuous terms it shall abate, and no further action shall be had thereon; but any case may, before it so abates, be transferred from the *Stet Docket* to the Trial Docket for the ensuing term of Court, provided notice that application for such transfer will be made at the first day of the ensuing term of Court be given in writing by the party desiring such transfer, or his attorney, to the opposite party, or his attorney, one month before the commencement of said ensuing term, and if such case be transferred, and shall not be tried and disposed of at said ensuing term of Court, it shall at the end of the said term abate, and no further action or proceeding shall thenceforth be had therein."

The record is not very satisfactory, as the docket entries do not show the date the case was placed on the *Stet Docket,* although they do show that the record of it was transmitted from the Circuit Court for Montgomery County on May 31st, 1906, and the notice of application to have it transferred from the *Stet Docket* to the Trial Docket was not given until February 8, 1910. The bill of exceptions also states that the Court had before it as evidence at the hearing of the petition the two dockets containing the records of the proceedings, which showed the time the clerk had entered the case upon the *Stet Docket,* and it is not claimed by the appellant that the Court did not act in accordance with the rule, but on the contrary it is contended that it did so act under a rule which could not be validly adopted.

Assuming then, as we must, that the Court followed the terms of the rule, there was a period of nearly three years after the case was put on the *Stet Docket* before the plaintiff even asked to have it put on the Trial Docket, and although the record does not show when it was originally instituted, it was nearly four years from the time it was placed on the

docket in the Howard County Court before the application was made. It is apparent, therefore, that the plaintiff was not exhibiting any great anxiety to have its constitutional right of trial by jury, of which it now claims it has been deprived, very speedily asserted.

As there are four terms of Court each year, and the rule allows a case to remain on the Trial Docket four successive terms, and then on the *Stet Docket* for four terms, the parties have about two years in which to try a case, after it reaches the Trial Docket, before it abates. It may be that in a very large city ordinary suits may not always be reached for trial in that time, but there can be no possible danger of such conditions in a county of the size of Howard. It was suggested at the argument that the judges may be sick, or for some such reason the parties could not have a case tried within the time named in the rule, although they were not responsible for the delay, but no such conditions were shown in this case. If the inability to have the case tried be the result of sickness of the judges, or other causes which the parties could not control, another question would arise; but, as we have said, no such cause is shown, and it could not well be that one or more of the three judges of that circuit could not hear the case during the period of two years. If all of them had been disqualified, the case could have been removed for that reason to another circuit under the provision of the Constitution.

As shown by the record the rule was adopted by JUDGE MILLER, who was then a member of this Court, and by JUDGES JONES and ROBERTS, each of whom afterwards became such. A very similar rule has been in effect in some of the other counties of the State for a number of years, and the writer of this opinion knows of one that was originally adopted by JUDGE ALVEY and his associates in the circuit over which they presided, and there may have been others. While this Court has not heretofore been called upon to consider the validity of such a rule, we approach its consideration with the knowledge that at least four of its former members have given their sanction to such rules by the

adoption of them, and that under one of our own rules (28) it is provided, that no case will be continued beyond the third term after the transmission of the record to this Court, unless by leave of the Court, and that, "Unless such leave be obtained, the case shall not be placed on subsequent Court Dockets without an order of the Court, and upon the expiration of three terms of Court after it is so dropped the appeal shall be dismissed, unless otherwise ordered by the Court, before the expiration of the third term".

By section 1 of Article 26 of the Code it is provided that "The Judges of the several Courts of law and of equity may make such rules and orders from time to time for the well-governing and regulating their respective Courts and the officers and suitors thereof, and under such fines and forfeitures as they shall think fit, not exceeding twenty dollars for any one offense, all of which fines shall go to the State". Of course we understand that the power to make rules would not authorize a Court to aodpt one which was contrary to a constitutional provision or a statute (unless the constitution had authorized the Court to adopt it in such terms as could not be limited by the legislature) or could take away from a party litigant a right positively secured by law. The appellant cited Article 19 of the *Declaration of Rights,* "That every man, for any injury done to him in his person or property ought to have remedy by the course of the law of the land, and ought to have justice and right, freely without sale, fully without any denial, and speedily without delay, according to law of the land", and Article 20, "That the trial of facts, where they arise, is one of the greatest securities of the lives, liberties and estate of the people", and other provisions of the Constitution, but nothing in them prevents the Court from adopting rules requiring trials of cases within a reasonable time. A suitor may have the right of a jury trial guaranteed him, but if a plaintiff does not file his declaration as required by the rules of Court the case may be *non prossed,* or if a defendant does not file his plea as required by such rules, judgment by default may be

rendered against him. If that were not so, Courts would not only be helpless in the conduct of their business, but parties would oftentimes be subject to great annoyance and injustice if the Courts could not make and enforce such rules.

If a case is on the Trial Docket and the rules, or practice of the Court, require trial at a particular time, or as reached on the docket, there can be no doubt that the Court can enforce its rules and insist upon trial, although it may result in the plaintiff being required to *non pros* his case—indeed, if the rule so provides, it is the duty of the Court to enforce it, unless there be sufficient cause shown for continuance or other disposition of it. A defendant might insist upon trial if he has the right to do so, and if instead of doing so he agrees that the case can be put on the *Stet Docket,* and there is such a rule as this, he has the right to assume that unless the case is brought up for trial in accordance with the rule it will be abated at the expiration of the time. A plaintiff has rights, but a defendant has also, and if the latter consents to a case going on the *Stet Docket,* or does not demand trial before it is placed thereon, is he, notwithstanding such a rule as this has been adopted and is supposed to be in force, to be subjected to trial at any distant date the plaintiff may demand it? His witnesses might be dead or beyond his reach. It cannot, therefore, be said that it is an unreasonable provision to require trial during one of eight terms after a case gets on the Trial Docket in a county of the size of Howard.

The plaintiff could have renewed the suit even after it had abated, and could then have enforced it if his own delay had not permitted sufficient time to elapse to make it subject to the statute of limitations. It may be said that the defendant could have had it brought forward from the *Stet Docket;* but if the plaintiff was willing to have the case remain on the *Stet Docket* for the length of time the rule provided, the defendant is not required to take steps to have it brought forward.

We are not informed by the record whether there are other rules of Court which could save a case from abating, if it be placed on the *Stet Docket* to await the decision of other cases involving similar questions, or because it had been enjoined, or for some similar reason, and no such question is presented in this case, but taking the record as we find it the case was apparently permitted to remain on the Trial Docket for four successive terms and then, without any special reason, was permitted to remain on the *Stet Docket* for more than four terms. So without considering it from any other standpoint we are of opinion that the rule as applicable to the present case is a reasonable one, and within the power of the Court to pass.

We find nothing in the authorities cited by the appellant in conflict with that conclusion. The case of *Hoyer* v. *Colton,* 43 Md. 421, so much relied on, was altogether different from this. The constitutional provision then under consideration gave the right to have the record removed to some other Court, "whenever any party to such cause, or the counsel of any party, shall make a suggestion, in writing, supported by the affidavit of such party or his counsel, or other proper evidence, that the party cannot have a fair or impartial trial in the Court in which such suit or action * * * is pending". The Legislature passed the Act of 1874, Chapter 94, providing that "In all civil cases where an order for removal shall have been passed in any cause, the party upon whose motion said order was passed shall pay or tender to the clerk of the Court in which said cause was pending at the time of said order for removal the costs of the record in said case, within sixty days after the passage of such order, and shall cause the said record to be transmitted to the Court to which the same was ordered to be removed within said sixty days". And upon failure so to do, the Court had the power to strike out the order for removal and reinstate the case. This Court held that such conditions were a restraint upon the constitutional right of removal, which the Legislature had not the power

to impose, but we cannot understand how that in any way reflects upon the question now before us. If a Court adopted a rule which undertook to deprive a party of a jury trial, if he was entitled to it under the Constitution, of course it would be invalid, but it does not follow that it cannot by its rules require pleadings to be filed or cases to be tried within reasonable times. If Courts could not so require, the one party to a suit would be at the mercy of the other, as we have pointed out above.

> *Order affirmed, the appellant to pay the costs.*