NORMAN F. EDMONDS *v.* FREDERICK W. C. WEBB ET AL., STATE BOARD OF LAW EXAMINERS

[No. 31, April Term, 1943.]

*Decided April 19, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, GRASON, MELVIN, and ADAMS, JJ.

*William L. Rawls* for the appellant.

*Frederick W. C. Webb* for the appellees.

The opinion of the Court was filed *Per Curiam.*

This appeal is from the decision of the Board of Law Examiners disapproving the application of Norman F. Edmonds as a member of a Bar of another State (Massachusetts) for admission to the Bar of this State under Section 7, Article 10, of the Code by which it is provided that "Members of the Bar of any state, district or territory of the United States, who, for five years after admission, have been engaged as practitioners, judges or teachers of law, shall be admitted without examination on proof of good moral character, after becoming actual residents of this State."

There is no question of residence or moral character involved. Both are conceded.

In pursuance of this statute this court adopted a rule (No. 14) regulating registration of law students and admission to the Bar, which provides:

"If any person shall apply for admission to the Bar of this State as a member of the Bar of another State or of the Courts of the United States pursuant to Section 7 of Article 10 of the Annotated Code of Maryland (1939

Ed.), he shall file with the Court of Appeals a petition in which he shall state that he is now a *bona fide* resident of this State, shall name the State in which and the Court by which he was admitted to the Bar and shall also state that he has, for at least five years before filing his said petition, been engaged continuously as a practitioner or teacher of the law or a judge in one of the States (including the District of Columbia) of the United States. The petitioner shall file with his petition a copy of his license to practice, duly certified, or a copy of the Record of the Court in which he was so admitted, certified as required by law for the authentication of the records of the Courts of other States when offered as evidence in the Courts of this State.

"The petitioner shall also file a certifictae of a judge of the State in which he was so admitted or a certificate from two members of the Bar of this State, or of the State (or District of Columbia) in which for at least five years he may have taught or practiced law or served as a judge, as aforesaid, certifying how long they have known the applicant and that he is not a person of bad or dissolute habits, but of good moral character; that he is, at the time of such certificate, a member of the Bar in good standing and that he has been actively and continuously engaged as a practitioner or teacher of law, or judge, in such State for at least five years before the filing of his said position.

"The petition shall then be referred to the Board of Law Examiners of this State for an investigation of the matters set forth in said petition in such manner as to the said Board may seem adequate and proper. Upon the conclusion of said investigation the Board of Law Examiners shall make a report on said petition to the Court of Appeals, either approving or disapproving the admission of the applicant to the Bar of Maryland accompanying said report with all of the papers relating to said case. If the report shall be adverse to the petitioner, he may, within thirty days from the date of the mailing to

him by the Clerk of the Court of Appeals of notice of said report of the Board of Law Examiners, enter an appeal therefrom to the Court of Appeals. Said appeal shall thereafter be heard by the Court in such manner as the Court may determine and its decision shall be final."

It will be observed that the language of the statute is in very general terms. It merely provides that "Members of the Bar of any State, district or territory of the United States, who, for five years after admission, have been engaged as practitioners, judges or teachers of law," after becoming actual residents of the State, on proof of good moral character may be admitted to practice law without examination. There is nothing said as to what *quantum* or kind of proof of five years practice, etc., may be required. The Legislature evidently expected this court to say what proof would be necessary. Our late Chief Judge Bond in a letter to the Board, December 5, 1941, which had the approval of this court, and was given formal expression in Rule 14, said, that the judges "after discussion concluded to let the rule stand for the present at least, and require the five years residence in some one State. The view taken was that one purpose of the requirement is to have the applicant put to the test of the reputation which he would acquire in five years in one locality."

The applicant shows that he graduated from a law school in June, 1936, was admitted to practice in Massachusetts in November, 1936, for five months had been an associate in a law office in Boston, when he became a member of the legal staff of the National Labor Relations Board, where he remained until sometime in 1942, working in several States, and is now employed on the staff of an insurance company in Baltimore.

The application of the appellant was filed with the clerk of this court April 2, 1943, and referred to the Board of Law Examiners, who disapproved it. The application was certified or endorsed by two men, Robert Watts and Malcolm Hollyday, members of the Bar of New York,

64

who stated that they had known the applicant for four and one-half years, and that he had been actively and continuously engaged in the practice of law for five years.

There is no dispute that the applicant has not practiced law in any one State for five years. It must also be conceded that the statute is not very definite as to what "five years" practice means.

The question of fitness or intellectual qualifications has no place in this case.

The only question involved here is the reasonableness of Rule 14 of this court, by which we stand.

This decision is not unfair to the applicant. He can come before the board and take the examination which residents of this State must take.

The action of the Board of Law Examiners in this case is affirmed.