ARUNDEL CORPORATION, Etc. *v.* HALTER

[No. 14, September Term, 1960.]

*Decided October 14, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Donald C. Sponseller,* with whom were *Stanford Hoff* and *Sponseller & Hoff* on the brief, for the appellant.

*Ralph G. Hoffman,* with whom was *Robert J. Cooke* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The suit before us had been on the docket of the Circuit Court for Carroll County without being tried for more than eight successive terms, and the court, interpreting its rule to require such action, ordered it abated. The plaintiff appeals.

Rule 14 of the Circuit Court for Carroll County provides that "The Clerk shall, also prepare and keep a Stet Docket, and shall enter thereon at the end of each term of Court all such

causes from the Trial Docket as shall have been undisposed of for four successive terms. After a cause shall have remained on the said Stet Docket for four successive terms, the case shall abate, and no further action shall be had therein, but any case may, before it so abates, be transferred from the Stet Docket to the Trial Docket for the ensuing jury term of said Court, provided notice that application for such transfer will be made at the first day of the ensuing term of Court, be given in writing by the party desiring such transfer or his attorney, to the opposite party, or his attorney, at least one month before the commencement of said ensuing term * * *." This Court, in *Laurel Canning Co. v. Baltimore & Ohio R. Co.,* 115 Md. 638, held such a rule valid but did not interpret it.

The suit before us was filed on March 19, 1957, to recover damages for alleged negligence in the operation of a dump truck. The case was placed on the Trial docket at the ensuing May term of court and, after various continuances, twice at the request of the defendant-appellee because he desired to file third party proceedings and later interrogatories, the case was placed on the Stet docket on February 13, 1959. It had not been transferred prior to that time because it had been assigned for trial in August, September and November of 1958, and the clerk felt that the intervening proceedings prevented the transfer. On December 11, 1959, a petition was filed to remove the case from the Stet docket to the Trial docket and the defendant filed an answer, alleging that under the Rule the case should theretofore have abated. Judge Boylan ruled that since the suit had gone on the Trial docket at the May term of 1957 and remained thereon through the August and November terms of 1957 and through the February and May terms of 1958, according to Rule 14 it should have been placed on the Stet docket at the expiration of the May term 1958, which ended on the second Monday of August 1958. He held that it made no difference that the case had not been actually transferred to the Stet docket until February 1959 and the result must be as if it had been on the Stet docket from the time the clerk should have entered it, and that, therefore, the case must abate.

We think this interpretation of the rule is too stringent and

cannot be justified by its terms; it is neither in compliance with the literal words of the rule or consonant with all its purposes and the purposes of the records of a court generally. The rule does not say, as the court read it, that a case abates if it remains on the docket untried for eight successive terms. It says that it shall be transferred to the Stet docket after it has remained on the Trial docket untried for four successive terms and shall abate after it has remained on the Stet docket for four successive terms.

We emphasized in *Baltimore Luggage Co. v. Ligon,* 208 Md. 406, 421, and *Pumphrey v. Grapes,* 215 Md. 573, 576, that a party to litigation is charged with notice of what actually is recorded in the court records as to the case, without regard to his actual knowledge, so that the docket entries are constructive notice to the parties and their counsel. The general docket entries show when a case has been transferred to the Stet docket, and that docket, of course, indicates the same thing. A litigant inspecting the dockets would not be informed that a case was in jeopardy of abatement because they would not show that the transfer had been made to the Stet docket and, therefore, would not be constructive notice of the eligibility of the case for abatement. A litigant could not reasonably be expected to take action to preserve a case as a live suit until he was on notice that such action was required.

The fact that the clerk under the rule should have transferred the case and that his duties are ministerial, does not require that the appellant be penalized by charging him with notice of what should have taken place and the consequences to which he is then liable, when the rule governing the status of the case says, in so many words, that the period of suspension as a live case starts when the case *is* put on the Stet docket—that is, when the prescribed entries have in fact been made.

We think the spirit and intent of the rule and the orderly effectiveness of its manifest purposes require that it be given a literal reading.

The order will be reversed and the case remanded for the entry of an order reinstating the case on the Trial docket.

*Order reversed and case remanded, with costs.*