BASTIAN, ET AL. *v.* WATKINS, CLERK, ETC.

[No. 52, September Term, 1962.]

*Decided January 9, 1963.*

The cause was argued on October 9, 1962, before BRUNE, C. J., and HENDERSON, PRESCOTT, MARBURY and SYBERT, JJ.

The cause was reargued on November 6, 1962, before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Jo V. Morgan, Jr.,* for appellants.

*Robert S. Bourbon, Assistant Attorney General,* with whom was *Thomas B. Finan, Attorney General,* on the brief, for appellee.

Amicus Curiae Brief filed by Bar Association of Montgomery County, with *Stedman Prescott, Jr.,* on the brief.

HORNEY, J., delivered the opinion of the Court.

The primary question presented on this appeal is whether a local rule of the Circuit Court for Montgomery County, regulating who may file pleadings in that court, is valid or invalid. The appeal is from an order of court sustaining a demurrer to the petition of two attorneys at law (David C. Bastian and William J. Rowan) for a writ of mandamus to require the clerk of court (Clayton K. Watkins) to receive a pleading the petitioners desired to file on behalf of a client in the office of the clerk. In effect, the ruling upheld the validity of the rule.

The petitioners, who are residents of Montgomery County, were admitted to practice law by this Court, and are actively engaged in practicing law in the District of Columbia, where

each maintains a law office. In November of 1961, the petitioners as attorneys for a suitor, signed a declaration in an action at law, and, after exhibiting their certificates of admission to practice law in Maryland, tendered the declaration to the clerk of court, together with the required deposit for costs. But the clerk refused to receive and file the declaration because the petitioners had not complied with the requirements of the local rule.

The local rule (General Rule 3) [1]—the validity of which is questioned by the petitioners—forbids the clerk to accept any "court paper" unless it is signed by an attorney, duly admitted to practice by this Court, who has signed the test book and therein certified that he is a resident of Maryland and maintains a *bona fide* office therein. There is also a requirement that the Maryland office and telephone number be noted on the paper offered for filing. Other parts of the rule define what is meant by a *bona fide* office and provide that an attorney who is without such an office may file a pleading when he is joined of record by an attorney having a *bona fide* office in this State.

---

1. The full text of General Rule 3 is as follows:

Attorneys—Solicitors who may file pleadings.

(a) Except where a party conducts his own case, no court paper shall be accepted by the clerk of this court unless it is signed by an attorney or solicitor who shall have been admitted to practice by the Court of Appeals of Maryland who resides in and maintains a bona fide office in Maryland and whose Maryland office address and Maryland office telephone number is noted thereon.

(b) No office established in the home of an attorney or solicitor shall qualify, under this rule, as a bona fide office, unless such office is in fact a bona fide office for his or her practice of law in Maryland, a bona fide office being an office where the attorney spends a reasonable amount of time.

(c) Any attorney admitted to practice by the Court of Appeals of Maryland, who does not have a bona fide office in Maryland, shall be entitled to file any court papers in this court provided he shall be joined of record by an attorney having such bona fide office.

(d) The clerk of this court shall maintain and keep current a book to be designed "Attorneys Test Book" and all attorneys shall, prior to filing any court papers, sign said book and designate therein the address in Maryland of his or her said bona fide office and his or her said office telephone number.

The rule under attack was made under the provisions of Chapter 1004 of the Laws of 1943 (now codified as § 7-15 of Chapter 7 of the Montgomery County Code), which, by its terms authorized and empowered the Circuit Court for Montgomery County "to make rules of court relating to practice before [such] court and relating to admission of attorneys to practice before [such] court." The statute—which we assume without deciding is a public local law and not a special law as the petitioners contend—further provides, as codified, that "[n]o person shall practice law in the county or appear before any court in the county until he or she shall have first complied with the rules of practice established by the circuit court for the county."

It has long been recognized that the admission of a resident of Maryland to practice law is a legislative, not a judicial, function in that the right may constitutionally be regulated by statute. See *In re Maddox,* 93 Md. 727, 50 Atl. 487 (1901). See also *In re Taylor,* 48 Md. 28 (1877); *State v. Johnston,* 2 H. & McH. 160 (1786).[2]

An excellent summary of earlier as well as later statutes respecting admission to the bar and the practice of law in this State may be found in 52 *Transactions of the Maryland State Bar Association* (1947), pp. 152-181, but, for the purpose of this case, it will suffice to point out that in the colonial period as in statehood until 1898, the colonial and state Legislatures, by sundry statutes, had authorized the judges of the county courts (and certain designated courts in Baltimore City) to admit applicants to the bar. But in 1898, following a definite trend toward uniformity that apparently began as early as 1831, the Court of Appeals of Maryland was vested with exclusive power to admit applicants to practice law. By Chapter 139 of the Laws of 1898, it was provided for the first time that all applications for admission to the bar should be made by petition to the Court of Appeals, and therein it was further pro-

---

**2.** For later cases involving the Fourteenth rule of this Court governing admissions to the Bar of Maryland, see *Edmonds v. Webb,* 182 Md. 60; *Appeal of Wilbur Rogers,* 192 Md. 737; and *In re Lohmeyer,* 218 Md. 575.

vided that if the applicant was found to be qualified, of good moral character and worthy of admission, this Court should "pass an order admitting him to practice in all the courts of the State."

The broad powers thus conferred have been and are still being exercised by this Court despite the enactment of Chapter 1004 (of the Laws of 1943) authorizing the Circuit Court for Montgomery County (among other things) to make local rules relating to practice before that court and the admission of attorneys to practice law therein. As we read the local rule adopted in pursuance of the local law, it appears to be a "housekeeping" rule aimed, not at the prerogatives of this Court, but primarily at regulating matters of practice and procedure before that court even though in practical use it has had the effect of debarring some duly qualified Maryland attorneys from practicing law in Montgomery County.

There are two principal aspects of the question concerning the validity or invalidity of the local rule: one, whether the local rule contravenes any of the provisions of Code (1957), Art. 10, §§ 1 through 8; and the other, whether the local rule is inconsistent with or has been superseded by the general rules of practice and procedure.

Assuming therefore, as we have indicated, that the local rule is not inconsistent with the general statutory provisions respecting the right and privilege of an attorney to practice law throughout the State, we shall decide the question on the procedural aspects of the rule.

In section 18A of Article IV of the Constitution of Maryland (ratified November 7, 1944), concerning the rule-making power of the Court of Appeals, it is provided (in the last two sentences of the amendment) that:

> "The Court of Appeals from time to time shall make rules and regulations to regulate and revise the practice and procedure in that Court and in the other courts of this State, which shall have the force of law until rescinded, changed or modified by the Court of Appeals or otherwise by law,"

and that:

"The power of the courts other than the Court of Appeals to make rules of practice and procedure shall be subject to the rules and regulations prescribed by the Court of Appeals or otherwise by law."

Apart from these constitutional provisions, Code (1957), Art. 26, § 25, in addition to providing that this Court "is authorized and requested to prescribe by general rules, the practice and procedure * * * in all courts of record throughout the State," expressly provides that such general rules "shall supersede any prior inconsistent public general law, public local law * * * or rule of the Court of Appeals or any other court."

It is thus apparent that so much of a local rule as well as an existing local law as are contrary to or inconsistent with a general rule of practice and procedure adopted by this Court in pursuance of constitutional and statutory authority, would be superseded by such general rules. Cf. *Laurel Canning Co. v. B. & O. R.R.,* 115 Md. 638, 81 Atl. 126 (1911). More specifically, so much of the local rule (General Rule 3) as requires an attorney to maintain in this State a *"bona fide"* office with a telephone, as a prerequisite to the filing of a pleading in the Circuit Court for Montgomery County, would be invalid.

Among the general rules of procedure that have been adopted by this Court, there are express or implied indications in at least two of them—Maryland Rules 301 and 306—that the Montgomery County public local law and local rule, insofar as either requires an attorney to maintain in this State an office of any sort with or without a telephone in it, are contrary to and inconsistent with the general rules. In Rule 301 f, providing that the first pleading filed should contain the address of the attorney and his telephone number if he has one, there is an implication that the address need not be that of a law office, and there is a clear indication that a telephone is not required. And in Rule 306 c 1 and 2, providing that service of pleadings shall be on attorneys unless otherwise ordered, there are clear indications that the attorney is not required to maintain an office at all.

We hold therefore that so much of the local rule as prohibits a Maryland Attorney from filing a pleading in the circuit court, unless he maintains a *bona fide* office (defined as

an office where the attorney spends a reasonable amount of time) is invalid because it is contrary to and inconsistent with the Maryland Rules of Procedure.

In reaching this conclusion we are not unmindful that while Code (1957), Art. 26, § 1, confers on the judges of the several lower courts authority to make such local rules as to them may seem proper, the rule-making power thus conferred is limited by § 27 (of Art. 26), both of which sections seem to have been superseded by Rule 1 f, providing that:

> "The judges of the several courts * * * shall have power to establish rules governing the practice and procedure in their respective courts for the good government and regulation of the proceedings thereof, and the officers and suitors therein, provided that such rules shall not be inconsistent with any general rules adopted by the Court of Appeals, or with any statute then or thereafter in force."

Obviously the rule-making powers of the courts (other than this), is now governed, not by general or local statutes, but by Rule 1 f. And, as this general rule points out, such local rules as are made thereunder must not be inconsistent with the rules of this Court or any statute now or hereafter in force.

Lastly, since the trial court found that mandamus was a proper remedy to test the validity of the rule, and the clerk of court abandoned his objection to the ruling at the argument on appeal, there is nothing before us on the point to decide.

For the reasons stated, the order of the trial court sustaining the demurrer will be reversed.

> *Order of Court sustaining demurrer reversed and case remanded for entry of order overruling demurrer and for further proceedings; appellee to pay the costs.*

PRESCOTT, J., filed the following dissenting opinion, in which SYBERT, J., concurred.

The real question in this case, as specifically stated by counsel for the appellants in his brief and at argument, is whether the Circuit Court for Montgomery County had the power to adopt its General Rule 3 (the Rule) ; and no question of the desirability or advisability of uniformity in the rules of practice and procedure throughout the State is involved.

The majority hold that so much of the Rule as prohibits a Maryland attorney from filing a pleading in the Circuit Court, unless he maintains a *bona fide* office some place in Maryland, is invalid because "there are express or implied indications in at least two of them—Maryland Rules 301 and 306—that the Montgomery County * * * local rule * * * [is] contrary to and inconsistent with the general rules [adopted by the Court of Appeals]." All members of this Court agree that if said Rule conflicts with the Maryland Rules, as adopted by the Court of Appeals, the Rule must give way to the extent of the conflict. Hence, the only difference between the majority opinion and this one is whether there is such a conflict.

Although the majority opinion states "there are express or implied indications" in Rules 301 and 306 of inconsistencies with the Rule, the opinion fails to state any *express* ones, and a reading of Rules 301 and 306 discloses none. This means, of course, that the majority holding is that Rule 3 is invalid because of "implications" contained in said Rules 301 and 306.

Considering Rule 301 first, the majority hold that in Subsection f of said Rule "there is an implication that the address need not be that of a law office." The reasoning as to how the implication is arrived at is not given. Subsection f, in full, states : "The first pleading filed by an attorney shall contain his address immediately below his signature, followed by his telephone number, if any." Assuming that this subsection does permit the address given by a lawyer to be other than that of an office, does this permission, alone, create an implication sufficiently strong to invalidate a provision of a local rule of court adopted under special legislative authority (bearing in mind that we are not considering its desirability, *vel non*) ? I think not. Subsection f, literally read, is broad enough to permit the

address given to be in California or somewhere in Soviet Russia; but I do not believe that this, by implication, would invalidate a provision of a local rule that would require an address given by an attorney to be somewhere in the United States.

The majority also hold that the words "followed by his telephone number, if any" clearly indicates "that a telephone is not required." A careful reading of Rule 3 will show that it does not "require" a telephone, except by implication. But assuming this portion of Rule 3 to be inconsistent with Subsection f, it could be held invalid without materially affecting the purpose of Rule 3.

The majority states that in Rule 306 c 1 and 2 "there are clear indications that the attorney is not required to maintain an office at all." Again, we have a conclusion without the reasons for it. A reading of these portions of Rule 306 will disclose that they deal with service "upon the attorney or the party [represented by the attorney]." And Subsections 1 and 2 provide for personal service and service by mail upon both an attorney *and a party.* I am unable to discover any implication from these subsections that a lawyer is required, or not required, to maintain an office, much less such an implication as would invalidate a local rule of court passed under specific legislative authority.

I think the well-known principles relating to statutory repeal by implication should be applied; namely, that repeals by implication are never favored by the courts, and the presumption is always against an intention to repeal or modify a pre-existing statute beyond the express terms or immediate scope of a later statute; and that courts should not hold that there has been a repeal by implication unless there is some express reference to the previous statute, or there is a *manifest* inconsistency in the two statutes or their provisions are so repugnant that they cannot stand together. *Kirkwood v. Provident Savings Bank,* 205 Md. 48, 55, 106 A. 2d 103, and the many cases therein cited. Therefore, I would sustain the lower court in its ruling.

I am authorized by Judge Sybert to say that he concurs in this dissent.