931 A.2d 1146

**In re MARCUS J.**

**No. 2503, Sept. Term, 2006.**

Court of Special Appeals of Maryland.

Sept. 10, 2007.

Peter F. Rose (Nancy Forster, Public Defender on the brief), Baltimore, for appellant.

Mary Ann Ince (Douglas Gansler, Atty. Gen. on the brief), Baltimore, for appellee.

Panel: MURPHY, C.J., MEREDITH, MOYLAN and CHARLES E., Jr. (Retired, specially assigned) JJ.

MEREDITH, J.

The Circuit Court for Baltimore City, sitting as the juvenile court, dismissed the exceptions filed by Marcus J., appellant, because the exceptions purportedly failed to comply with the exceptions "policy" of the Circuit Court for Baltimore City. Marcus contends that the circuit court erred in dismissing the exceptions. We agree that the exceptions should not have been dismissed. Accordingly, we shall vacate the judgment of the circuit court and remand the case for further proceedings.[1]

---

1. In *Forster v. Hargadon*, 398 Md. 298, 299–301, 920 A.2d 1049 (2007), the Court of Appeals gave the following overview of the juvenile hearing process in Maryland:

   With an exception not relevant here, Rule 11–111a.2. authorizes a Juvenile Court master to hear any case or matter assigned by the court. Proceedings before a master are recorded. CJP § 3–807(b)(2); Rule 11–110a. In keeping with the limited role of the master, both the Rule and the statute specify that the findings, conclusions, and recommendations of the master do not constitute final orders or final action by the court. Rule 11–111a.2. and CJP § 3–807(d)(1). Within ten days after the conclusion of a disposition hearing, the master must transmit to the judge the entire file in the case, together with a written report of the master's findings, conclusions, and recommendations. A copy of the report is served on each party to the proceeding.

   Both CJP § 3–807(c)(1) and Rule 11–111c. permit any party to file exceptions to any or all of the master's proposed findings, conclusions, recommendations, or order. Rule 11–111c. specifies, however, that "[e]xceptions shall be in writing, filed with the clerk within five days after the master's report is served upon the party, *and shall specify those items to which the party excepts, and whether the hearing*

## Facts and Procedural Background

In Juvenile Petition No. 606237011, the State alleged that Marcus was delinquent and committed the following delinquent acts: wearing/carrying/transporting a handgun, wearing/carrying/transporting a dangerous or deadly weapon, and possessing a regulated firearm. An adjudicatory hearing was held before a juvenile master on September 14, 29, and October 5, 2006. Only two witnesses testified. The arresting police officer testified as the State's witness, and 14–year–old Marcus testified in his own defense. Their testimony was mostly compatible, but the police officer testified he observed Marcus throw down an item that turned out to be a revolver, whereas Marcus testified he never had possession of a gun, and that the object he had jettisoned as the police officer approached was a bag containing some marijuana. A fingerprint analysis of the gun, ordered by the State, was in progress and not completed by the conclusion of the hearing, but, to avoid further delay in completing the hearing, the State stipulated that Marcus's fingerprints were not on the gun. In her oral findings of fact at the conclusion of the adjudicatory hearing, the master stated:

---

*is to be de novo or on the record."* (Emphasis added). Those requirements are also set forth, in generally similar language, in the statute. See CJP § 3–807(c)(1) and (2). Both the Rule and the statute permit an excepting party, other than the State in a delinquency case, to elect a hearing *de novo* or one on the record made before the master. Rule 11–111c. and CJP § 3–807(c)(2).

Both the Rule and the statute make clear that, whether the hearing is *de novo* or on the record, *"the hearing shall be limited to those matters to which exceptions have been taken."* (Emphasis added). *See* Rule 11–111c. and CJP § 3–807(c)(4). As noted, all of those requirements—that exceptions specify whether the hearing before the court is to be *de novo* or on the record, that, in either event, they specify the issues to which the aggrieved party excepts, and that the hearing, whether *de novo* or on the record, is limited to those matters to which exceptions have been taken—are imposed by State law and are Statewide in application[.]

(Footnotes omitted.) The historical development of Maryland's system for adjudicating juvenile matters was described in detail by the Court of Appeals in an opinion written by Judge Marvin H. Smith in *In the Matter of William Anderson*, 272 Md. 85, 321 A.2d 516 (1974).

The Court finds the testimony of the State's witness to be consistent and credible. And, also, finds, quite frankly, the Respondent's testimony to be consistent and credible, except for that one point. What was it that he threw? And, in that area, the Court finds that the State's witness was most consistent and credible. Therefore, finds that the State has met [its] burden beyond a reasonable doubt, [and] finds the facts sustained.

The master thereafter entered a written recommended order dated October 6, 2006, and found all three counts sustained. The master's written findings that were set forth in the support of the master's recommendation that t he charges be sustained stated simply:

[T]he following evidence was accepted:

The testimony of witnesses supported the sustained counts.

Conflicting testimony concerning the sustained counts was resolved in favor of the witnesses for the State.

Parties stipulated that Respondent's fingerprints were not found on the revolver.

A disposition hearing was held on November 3, 2006, at the conclusion of which the juvenile master entered a written recommendation that the court find that Marcus "is a delinquent child." The master further recommended that Marcus be placed "under an order of probation to the Maryland Department of Juvenile Services," and subject to a number of conditions during the indefinite period of probation.

Within five business days, on November 9, 2006, Marcus filed a "Notice of Exception and Request for Hearing" that stated:

Pursuant to Maryland Code, Courts and Judicial Proceedings Article, section 3–815(c) [sic] and Rule 11–111(c) of the Maryland Rules of Procedure, please be advised that the Respondent excepts to the findings and proposed orders of Master Zakia Mahasa, on the 3rd day of November, 2006, in the above-captioned petition(s) and requests that the matter

be set for a hearing de novo, before the Judge of this Honorable Court and in support of the exception, notes these errors:

> Respondents council [sic] is excepting to Master Mahasa's findings at the adjudicatory hearing held on 10/6/06 and the disposition hearing on 11/3/06. Master Mahasa erred in her admission of an [sic] non experts [sic] testimony on the operability of a handgun over Respondents council [sic] objection. Moreover, Master Mahasa erred in her facts and findings in the adjudicatory and disposition hearing.[2]

On December 8, 2006, the case was called for a hearing in the circuit court on Marcus's exceptions. The Assistant State's Attorney moved for a postponement because of a calendar mixup that precluded the prosecuting attorney who had been handling the case from being present, and stated:

> [T]he State is requesting a postponement. . . . [T]he State did not know it was in today. That in addition, Judge Edward Hargadon has issued a policy that had to be filed in all exception hearing [sic], and it is my understanding, since I don't know the contents of the file that policy was not filed in this matter.

The pinch-hitting prosecutor was correct that no "exceptions policy" order similar to the one quoted in *Forster, supra,* 398 Md. at 302–03, 920 A.2d 1049, had been filed in the present case.[3] Notwithstanding that fact, the presiding judge

---

2. Although the master's recommended order pertaining to the adjudicatory hearing was dated October 6, 2006, the last session of the adjudicatory hearing was actually concluded on October 5, 2006.

3. In *Forster, supra,* 398 Md. at 302–03, 920 A.2d 1049, the Court of Appeals recounted that, on November 11, 2006, Judge Edward R.K. Hargadon, as Judge–in–Charge of the Juvenile Division of the Circuit Court for Baltimore City,

> directed the clerk to enter routinely [a form order] in each case in which exceptions had been noted to a master's report. That [form] order . . . provides as follows:

took issue with Marcus's failure to comply with the policy of the Circuit Court for Baltimore City regarding the filing of exceptions in juvenile matters:

THE COURT: ... I reviewed the Court file, and [, counsel,] it does not look like you complied with Judge Hargadon's policy pertaining to the filing of exceptions.

[Defense Counsel]: Your Honor, I would object to the policy. I filed exceptions on the ninth, I believe, of November. ... Specifying what I was excepting to, and the excep-

---

"An Exception having been filed from a Recommendation of a Master in the above-captioned matter, it is pursuant to Maryland Rule 11–111 and Md.Code Cts. & Jud. Proc. § 3–807, ORDERED that:

1. The Court may, upon motion of a party or *sua sponte,* dismiss the exception if the exception does not state with specificity:

a. The items to which the party takes exception; and

b. Whether the exception hearing is to be heard on the record or *de novo;*

2. If the party filing an exception requests a hearing on the record, and unless the presiding judge or the Judge–in–Charge orders otherwise:

a. That party shall, no later than 10 days from the date of this ORDER, file a memorandum which:

i. Specifies any finding of fact and conclusion of law to which that party is taking exception; and

ii. Specifies the reason(s) as to why the Master's recommended finding of fact(s) or conclusion(s) of law is in error; and

b. Any other party to the hearing shall file a responsive memorandum no later than 10 days after the filing of the excepting party's memorandum;

3. Pursuant to Md.Code Cts. & Jud. Proc. § 3–807(c) and Maryland Rule 11–111(c), if the party filing an exception requests a hearing *de novo:*

a. Any evidence presented shall be limited to the specific issues raised in the exception; and

b. The Court may rely upon the evidence recorded before the master for any matters to which an exception was not raised.

4. In addition to the delivery of copies of the exception and the memorandum to all parties, the party filing an exception or memorandum shall deliver a copy of the exception and the memorandum to the presiding judge, or if a judge has not been designated, to the Judge–in–Charge.

5. A transcript of the proceedings before the master need not be prepared prior to the hearing on the exception unless the Court so orders.

tion request.   And, what was the date of Judge Hargadon's Order?

\* \* \*

THE COURT: There's no date in the Order ... but as I recall it went into effect early October.

[Defense Counsel]:   ... Your Honor, still I did file the exception and the exception does specifically state what I'm excepting to.

[Prosecutor]: But it also requires that the excepting party file a Memo concerning the specific issues raised in the exceptions.

In fact, the exceptions policy order quoted in *Forster v. Hargadon, supra,* 398 Md. at 302–03, 920 A.2d 1049, only requires a memorandum to be filed "[i]f the party filing an exception requests a hearing *on the record."* (Emphasis added.)   The exceptions policy order does not require such a memorandum if the party filing the exception requests a hearing *de novo.*   Nevertheless, the presiding judge noted that Marcus had not filed any memorandum, and, even though no exceptions policy order had been entered in this case, continued the discussion as if such an order had been entered:

THE COURT: It says that in addition to the delivery of copies of the exception and memorandum to all parties, the party filing exceptions on [the record] shall deliver a copy of the exception and the memorandum to the presiding Judge, or if a Judge has not been designated to the Judge in charge.   I checked[,] my office didn't get anything.   It also says,—well, go ahead.

[Defense Counsel]: Your Honor, I filed my exceptions[.][T]he law i[s] very clear that my Client is allowed an exception de novo hearing based on filing in the exceptions with the Clerk's office, which was properly done within five

6.  Any issue not specifically set forth in the exception and the accompanying memorandum is waived unless the Court finds there was good cause for not specifying the issue."

days. That is the law. The law that my Client is entitled to an exception de novo, as long as I file the exception within five days. That is what the law states.

THE COURT: But what does the Court—what does Judge Hargadon's policy say?

[Defense Counsel]: Your Honor, see the policy v.[sic] law. The law states that my Client is given the right to an exception de novo hearing—

THE COURT: No doubt about it, but as part of the law, administrative bodies also promulgate policies for the efficient administration of the law, and Judge Hargadon as the Judge in charge of Juvenile decided to implement a policy to make the law operate more efficiently. I realize your office sought a stay. The Court of Appeals has not acted and so the policy of the Circuit Court for Baltimore City, according to Judge Hargadon and Judge Holland, unless and until the Court of Appeals stays the policy, the policy implementing the law will remain in effect.

[Defense Counsel]: Well Your Honor, then I would argue that my Memorandum is included in the Notice of Exception, I filed.

THE COURT: All right. Let's cut to the chase. This will be reset for [the prosecutor who had been handling the case] to be here. It will be reset for the State to summons [its] witnesses and it'll even be reset for [defense counsel] to comply with the policy. Pick a date, please.

[Defense Counsel]: Your Honor, I will be objecting to the reset, because in essence aren't you granting the State's postponement?

THE COURT: Yes, I am, but I'm doing you a favor, because you didn't comply with the—

[Defense Counsel]: I understand that, Your Honor.

THE COURT: Let me make it easy for you. You failed to comply with the policy, your exceptions [sic] dismissed. Thank you. I'll make it real easy for you. Your exceptions [sic] dismissed.

[Defense Counsel]: And, I object on the record.

THE COURT: Well object for the record.

[Defense Counsel]: I'm going to object for the record.

THE COURT: Have a good day. Your exceptions [sic] dismissed.

[Defense Counsel]: (inaudible) Postponement policy.

THE COURT: I gave you half a loaf of bread. You didn't want it, you're [sic] exceptions [sic] dismissed.

In the court's written order dated December 12, 2006, adopting the findings and disposition recommended by the master, the court recapped the ruling made at the hearing on Marcus's exceptions as follows:

As a result of the Exception hearing in the above case(s), the Court finds:

... This Court ruled that the Exception request was not filed according to the [prosedures/guide lines] [sic] outlined by the Juvenile Administrative Judge. [Defense counsel] objected and requested that the Court proceed. The Court agreed to postpone the Exception due to the unavailability of the State and the fact that Counsel for the respondent had not complied with the Court's exception policy.

Exception is dismissed by Court for failure to comply with the Court's exception policy.

On December 14, 2006, Marcus noted an appeal to this Court from the circuit court's final order.

### Discussion

The single "question presented" in appellant's brief is: "Whether [the court] erred in dismissing the exceptions." [4]

---

4. In support of appellant's claim that the circuit court erred in dismissing the exceptions, Marcus includes the following contentions in his brief:

(a) "Judge Hargadon's 'order' constitutes an illegal 'local rule,' as it usurps both legislative authority of the General Assembly and the Rule-making authority of the Court of Appeals."....

(b) "The requirements of the 'order' are counter to the requirements of Courts & Judicial Proceedings Article, generally; Section 3–807 specifically; and Maryland Rule 11–111" by the order's inclusion of

Because we view the statement of exceptions filed by Marcus as sufficient to preserve his right to a *de novo* hearing, we answer appellant's question "yes." We hold that the circuit court erred in basing its dismissal of the exceptions on the juvenile's alleged failure to comply with a local "exception policy" that—*as applied in this case*—purportedly imposed requirements beyond those set forth in Rule 11–111 and CJP § 3–807(c).[5] Because appellant does not challenge the validity of either Rule 11–111 or CJP § 3–807—and indeed, did not challenge either the rule or the statutory provision at the circuit court level—there is no dispute of the fact that both provisions are properly applicable to this case.[6] And, because

---

dismissal as a sanction for insufficient specificity, the order's "burdensome additional requirements" relative to the filing of memoranda in cases when the exceptions are to be heard on the record, and the order's limitation of de novo hearings to the specific issues raised in the exception.

(c) "The onerous requirements of the 'order' (and its effects) violate State and federal constitutional principles of due process and equal protection."

(d) "In dismissing the exceptions, [the court] abused or failed to exercise his discretion."

5. Maryland Rule 1–102 generally prohibits local rules (with specified exceptions not here applicable), and provides:

Unless inconsistent with these rules, circuit and local rules regulating (1) court libraries, (2) memorial proceedings, (3) auditors, (4) compensation of trustees in judicial sales, and (5) appointment of bail bond commissioners and licensing and regulation of bail bondsmen, are not repealed. **No circuit and local rules, other than ones regulating the matters and subjects listed in this Rule, shall be adopted.** (Emphasis added.) *See also Bastian v. Watkins,* 230 Md. 325, 332, 187 A.2d 304 (1963) (local rules must not be inconsistent with state rules or statutes); *Walker v. Haywood,* 65 Md.App. 1, 13, 498 A.2d 1198 (1985) (judge's "policy" not binding on other judges).

6. CJP § 3–807(c) provides:

(c)(1) Any party, in accordance with the Maryland Rules, may file written exceptions to any or all of the master's findings, conclusions, and recommendations, but shall specify those items to which the party objects.

(2) The party who files exceptions may elect a hearing *de novo* or a hearing on the record before the court unless the party is the State in proceedings involving juvenile delinquency under Subtitle 8A of this title.

no scheduling order was entered in this case—either in the Hargadon exceptions policy format or otherwise—we do not reach the issue of whether dismissal of the exceptions would have been an appropriate sanction for a party's failure to comply with a properly crafted scheduling order.[7]

Upon measuring Marcus's notice of exceptions against the plain language of the controlling State statute and rule, we conclude that Marcus was entitled to a *de novo* hearing on his exceptions. In the words of Rule 11–111(c) and CJP § 3–807(c)(4), Marcus was entitled to be heard *de novo* with respect to "the matters to which exceptions have been taken." The right to a *de novo* hearing before a judge is important

---

(3) If the State is the excepting party in proceedings involving juvenile delinquency, the hearing shall be on the record, supplemented by additional evidence as the judge considers relevant and to which the parties raise no objection.

(4) In either case, the hearing shall be limited to those matters to which exceptions have been taken.

Rule 11–111(c) provides:

c. Review by Court if Exceptions Filed. Any party may file exceptions to the master's proposed findings, conclusions, recommendations or proposed orders. Exceptions shall be in writing, filed with the clerk within five days after the master's report is served upon the party, and shall specify those items to which the party excepts, and whether the hearing is to be *de novo* or on the record.

Upon the filing of exceptions, a prompt hearing shall be scheduled on the exceptions. An excepting party other than the State may elect a hearing *de novo* or a hearing on the record. If the State is the excepting party, the hearing shall be on the record, supplemented by such additional evidence as the judge considers relevant and to which the parties raise no objection. In either case the hearing shall be limited to those matters to which exceptions have been taken.

We note that Rule 2–541 is not applicable to exceptions from a juvenile master. *See* Rule 1–101(b) ("Title 2 applies to civil matters in the circuit courts, except for juvenile causes under Title 11 of these Rules....").

7. As the Court of Appeals explained in *Forster,* 398 Md. at 302, 920 A.2d 1049:

Judge Haragdon was designated as the Judge–in–Charge of the Juvenile Division and, as such, was charged, among other responsibilities, with "establish[ing] policies and procedures for the day-to-day operation of the juvenile court subject to the approval of the administrative judge" and "provid[ing] administrative guidance to the deputy clerk, helping with day-to-day procedural issues."

*See also* Maryland Rules 16–101(d)(2)(vi) and 16–202(b)(1).

because, as the Court of Appeals put it bluntly in *State v. Wiegmann,* 350 Md. 585, 599–600, 714 A.2d 841 (1998), "it [is] clear from the rules and case law that masters have no judicial authority. . . . In concise summation, masters are not judges, nor are they judicial officers." This is not to belittle the extremely valuable contribution masters make to the efficiency of the juvenile justice system, but, as the Court of Appeals stated in *Domingues v. Johnson,* 323 Md. 486, 492, 593 A.2d 1133 (1991): " 'Litigants . . . in all judicial proceedings[ ] are entitled to have their cause determined ultimately by a duly qualified judge of a court of competent jurisdiction.' " (Quoting *Ellis v. Ellis,* 19 Md.App. 361, 365, 311 A.2d 428 (1973).)

Although the State contends that "Marcus J. merely filed a bald exception and failed to 'specify those items to which [he] object[ed]' as required by Section 3–807(c)(1) and Rule 11–111.c," our review of the Notice of Exception and Request for Hearing filed by Marcus leads us to conclude otherwise. Using language similar to the wording of the first sentence in Rule 11–111(c) that provides "[a]ny party may file exceptions to the master's proposed findings, conclusions, recommendations or proposed orders," appellant's timely notice of exceptions stated: "the Respondent excepts to the findings and proposed orders of Master Zakia Mahasa, on the 3rd day of November, 2006." The notice further stated: "Respondent[']s coun[se]l is excepting to Master Mahasa's findings at the adjudicatory hearing held on 10/6/06 and the disposition hearing on 11/3/06. . . . Master Mahasa erred in her facts and findings in the adjudicatory and disposition hearing." In addition, the notice of exception pointed to the allegedly erroneous admission of opinion testimony, given by the police officer who was the State's only witness and who was not qualified as an expert, regarding the operability of the handgun Marcus was alleged to have possessed. In compliance with the second sentence of Rule 11–111(c), the notice of exception further specified "whether the hearing is to be *de novo* or on the record," and stated that the appellant "requests that the matter be set for a hearing *de novo.*"

The third sentence of Rule 11–111(c) mandates that a hearing on the exceptions *shall* be promptly scheduled. The rule specifies: "Upon the filing of exceptions, a prompt hearing shall be scheduled on the exceptions." There is no indication in this rule that the circuit court has discretion to decide *whether* to conduct a hearing *"on the exceptions."* This is consistent with the provision of CJP § 3–807(c)(2) that specifies that a juvenile "who files exceptions may elect a hearing *de novo* . . . ."

Both the rule and the statute include the statement that "the hearing shall be limited to those matters to which exceptions have been taken." But we must reconcile and harmonize this limiting provision with the other language in CJP § 3–807(c)(1) giving the parties the option of filing exceptions to *"all* of the master's findings, conclusions, and recommendations." (Emphasis added.) Accordingly, we have considered whether the all-encompassing nature of Marcus's exception to the master's "facts and findings" at both the adjudicatory hearing and the disposition hearing is sufficiently specific as to the nature of his complaint to satisfy the specificity requirement set forth in both Rule 11–111(c) (the exceptions "shall specify those items to which the party excepts") and CJP § 3–807(c)(1) (the party "shall specify those items to which the party objects"). Although the appellant's exception is stated broadly, it does accurately and adequately communicate that Marcus was seeking a *de novo* hearing on all issues, as he was entitled to elect. As noted above, CJP § 3–807(c)(1) specifically provides that any party "may file written exceptions to any **or all** of the master's findings, conclusions, and recommendations . . . ." (Emphasis added.) [8] Because a juvenile is, in fact, entitled to elect a *de novo* hearing on exceptions, and is entitled to file exceptions to "all of the master's findings, conclusions, and recommendations," we view the exceptions filed by Marcus as sufficiently specific to communicate his

---

8. In another context, in *Spruell v. Blythe,* 215 Md. 117, 124, 137 A.2d 183 (1957), the Court of Appeals, acknowledging the broad inclusiveness of the word "all," referred to "the uncompromising (word) 'all'."

election to avail himself of that right. Indeed, requiring a party who elects a *de novo* hearing with respect to "all of the master's findings, conclusions, and recommendations" to state in greater detail what those findings and recommendations were would be redundant and serve no useful purpose. We conclude that the statute and rule do not impose such a hurdle in the path of a party seeking a *de novo* hearing as to all matters decided by the master.

Accordingly, we vacate the judgment of the circuit court and remand this case for a *de novo* hearing on appellant's exceptions.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY VACATED. CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.**