**WASHINGTON COUNTY INSURANCE COMPANY, a body corporate,**

v.

**John N. WILKINSON, Jr.**

Civ. A. No. 8355.

United States District Court
D. Maryland, Civil Division.
May 16, 1956.

Rollins, Smalkin, Weston & Andrew, Thomas G. Andrew, Baltimore, Md., for plaintiff.

T. Leo Sullivan, BelAir, Md., Buckmaster, White, Mindel & Clarke, Baltimore, Md., for defendant.

CHESNUT, District Judge.

The matter presently before the court is on the motion of the defendant for a jury trial which was not prayed for by either the plaintiff or the defendant until long after the filing of the last pleading in the case. The ground for the motion is stated to be inadvertence on the part of defendant's counsel. The nature of the inadvertence is stated in affidavits of three members or associates of the law firm representing the defendant. The affidavits do not show surprise or anything in the nature of estoppel against the plaintiff. The point made is that the inadvertence occurred because the trial counsel did not inform the draftsman of the answer that he intended to elect a jury trial.

The chronology of the case up to the present time is as follows: The complaint is by an Insurance Company against its agent for alleged failure to cancel a policy of insurance in consequence of which the insured property subsequently was destroyed or damaged requiring the Company to pay a loss of over $13,000. The alleged failure of the agent occurred about March 1954. The complaint was filed on July 13, 1955. The jurisdiction is that of diversity of citizenship. The plaintiff did not elect a jury trial. On July 20, 1955 on motion of the defendant and consent of the plaintiff an order was signed extending the time for the defendant to file an answer. August 25, 1955 the answer was filed. October 31, 1955 the plaintiff filed in-

terrogatories to be answered by the defendant. They were answered on February 28, 1956. On March 9, 1956 the case was regularly called in the preliminary call and assigned for trial on April 12, 1956. Trial counsel, by reason of another court engagement, did not attend the preliminary call but was represented by an associate, at which time it was noted that the case was to be tried without a jury. It was only on April 11, 1956, one day before the assigned date for the trial of the case, that the motion of the defendant asking for a jury trial was filed. This apparently necessitated a postponement of the actual trial until after a hearing of the motion which was heard on May 4, 1956.

Rule 38 of Fed.Rules Civ.Proc. 28 U.S. C.A., provides that if a jury trial is demanded by either party the written election therefor must be filed in the case not later than ten days after the date of filing of the last pleading. Rule 38(d) provides that the failure to make such written election shall constitute a waiver of demand for a jury trial. Rule 39 provides that despite the failure of counsel to demand a jury trial, on motion thereafter made the court may in its discretion grant a jury trial. The question in this case, therefore, is whether, in the exercise of that discretion, the present request for a jury trial should be granted.

■ An examination of quite a number of trial court decisions on motions of this character fails to show that there has been established any uniform pattern for decision of such motions addressed to the discretion of the court. The only thing that can be said in that respect, I think, is that the decision rests in the sound discretion of the court dependent upon the circumstances of the particular case. Possibly it may be said that some district judges have been more liberal in the exercise of the discretion in granting jury trials where they have not been demanded in accordance with the rules than have other district judges.

A memorandum brief by counsel for the defendant in this case cites a number of cases which tend to show the liberal exercise of the discretion. Others, however, are seemingly to the contrary and I understood counsel not to dispute that. See for instance Moore's Federal Practice, 2d Ed., § 39.09, pp. 715–719.

In my opinion the determining factor in such cases should be whether, despite the failure to comply with the rule, the nature of the case is such that one or the other of the parties is likely to be really prejudiced by the failure to have a jury trial. Where the issues are predominantly factual rather than legal there is more reason for the liberal exercise of the discretion to grant a jury trial.

■ In the instant case an examination of the complaint, to which is annexed the agency contract, and the answer of the defendant thereto indicate to me that the probably dominant issues in this case will be matters of law rather than matters of fact. Possibly also the customs generally prevailing regarding agency contracts between an insurance company and its agent may be of importance. Then again the scope of this agency and the duties and powers of the agent and his authority under the particular written contract, would seem to be of importance in presenting legal questions with regard to the extent, authority and duties of the agent. Another factor in this particular case is the delay which has been occasioned in the actual trial of the case by the failure of counsel now asking a jury trial, to discover the necessity for and the filing of the motion until one day prior to the date the case was assigned for trial, resulting in the necessary postponement of the trial for more than a month.

■ There is still another consideration to be weighed. Rule 1 of F.R.C.P. provides that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action". I think rule 38 providing for the waiver of a jury trial unless specifically

demanded within the time mentioned, is an illustration of the general policy of interpretation announced in rule 1. It is a matter of common experience that in civil cases, particularly those of a contractual nature, a non-jury trial can fairly and properly be concluded in substantially less time than is usually required in a jury case. And it should also not be overlooked that, especially where there is a considerable number of cases pending on the docket ready for trial, the time unnecessarily consumed in the trial of a particular case delays the trial of subsequent cases. And it is also to be remembered that needlessly longer trials usually involve more expense to litigants and to the government which freely provides the courts for the litigants.

For all these reasons I conclude that the court's discretion in this case is properly exercised in the denial of the defendant's motion for a jury trial, and it is accordingly so ordered.