**Ruth Virginia McRAE and Mike McRae, Plaintiffs,**

v.

**ARABIAN AMERICAN OIL COMPANY, sued herein as Arabian American Oil Company, Inc., Defendant.**

United States District Court
S. D. New York.

Jan. 17, 1964.

Lewis, MacDonald & Varian, New York City, Maurice J. Gilchrist, Jr., New York City, of counsel, for plaintiff, for the motion.

White & Case, New York City, Chester Bordeau, New York City, of counsel, for defendant, in opposition.

CROAKE, District Judge.

This is a motion pursuant to Rules 39 (b), 81(c), and 86 of the Federal Rules of Civil Procedure for an order directing that any party hereto desiring a jury trial of any of the issues involved in this action serve written demand therefor within ten days after entry of such order.

The complaint in this action, which was originally commenced in the Supreme Court of the State of New York, County of New York, alleges three causes of action. In the first, it is alleged that defendant employed the former husband of the plaintiff Ruth Virginia McRae as a dentist for its employees in Saudi Arabia, and in order to induce said plaintiff, and her son, the co-plaintiff, to join the husband in that country, it agreed to provide accommodations for them there. Plaintiffs further allege

that they then went to Saudi Arabia but that defendant breached its agreement by failing to provide such accommodations.

The second cause of action is for false imprisonment within a compound of defendant in Saudi Arabia.

The third cause of action, for slander, has been discontinued.

Before serving or filing an answer, defendant removed the case to this court on October 10, 1962 and filed its answer on December 21, 1962. While the case was pending in the New York Court, no jury demand was served nor has one been served since removal of the action.

■ The first sentence of Rule 81(c) provides that the Federal Rules apply in any civil action removed to the *district* court. The third sentence of that rule provides that where all necessary pleadings have been served, a jury demand may be made within ten days after removal or after service of notice of removal. In this case the answer had not been served at the time of removal. Hence, the third sentence of Rule 81(c) does not apply and, by virtue of the first sentence of that rule, Rule 38, governing jury demands in ordinary federal civil actions, is applicable. Foch Estates, Inc., v. McDonald, 1 F.R.D. 506 (E.D.N.Y. 1940). That rule requires service of a jury demand not later than ten days after the last pleading is served. It is conceded that no such demand was served in this case. Plaintiffs contend, however, that despite their failure to make a jury demand in accordance with Rule 38, they should, nevertheless, be permitted to demand a jury trial by virtue of a recent amendment to Rule 81(c). That amendment, effective July 1, 1963,[1] consisted of the addition of the following language:

"A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by him of trial by jury."

Because the plaintiffs made no demand while the case was pending in the state court, the first sentence of the amendment is inapplicable. The principal dispute on this motion is whether the second sentence applies.

■■ Under New York State practice prevailing at the time the action was commenced in the state court and removed to this court, a jury trial could not be had in an action unless a party thereto had served and filed a demand therefor either with the filing of his note of issue or within six days after service of a copy of a note of issue. Section 426, New York Civil Practice Act.[2] It is, therefore, not literally true that the "state law applicable in the court from which the case is removed does not re-

1. Plaintiffs request that the court, pursuant to Rules 39(b) and 86, exercise its discretion to apply the amendment in this case. In light of the determination reached, that question need not be considered.

2. On September 1, 1963 the New York Civil Practice Act was superseded by the Civil Practice Law and Rules. Section 4102 of the new act provides for service of the jury demand at the time the note of issue is filed or ten days thereafter, and further provides that a jury demand will not be accepted before the note of issue is filed. In view of the determination reached herein, it makes no difference whether this provision or the former law is applied.

quire the parties to make express demands in order to claim trial by jury." Plaintiffs contend, however, that at the time of the removal it would have been premature to file a note of issue and that, hence, they had not waived trial by jury. They apparently read the amendment to Rule 81(c) as providing that a party need not make a demand after removal if he had not waived a jury trial in the state court prior to removal.[3] The answer to that contention is that the plain language of the amendment does not so provide; it merely obviates the necessity of a demand after removal in the absence of any state requirement for a demand.

In an effort to sustain their position, the plaintiffs quote the following language from the Note of the Advisory Committee of the Judicial Conference which recommended the amendment to Rule 81(c):

"Most of the cases have held that a party who has made a proper express demand for a jury trial in the State court is not required to renew the demand after removal of the action. [citations omitted] But there is some authority to the contrary. [citations omitted] The amendment adopts the preponderant view.

"In order still further to avoid unintended waivers of jury trial, the amendment provides that where by State law applicable in the court from which the case is removed a party is entitled to jury trial without making an express demand, he need not make a demand after removal. However, the district court for calendar or other purposes may on its own motion direct the parties to state whether they demand a jury, and the court must make such a direction upon the request of any party. Under the amendment the district court may find it convenient

to establish a routine practice of giving these directions to the parties in appropriate cases."

In the opinion of the court, the citation of this note adds little to the argument advanced by plaintiffs; it merely reiterates the substance of the amendment.

Accordingly, the application pursuant to Rule 81(c) to afford the parties an opportunity to demand jury trial is denied.

The motion, to the extent that it may be an application addressed to the discretion of the court pursuant to Rule 39(b), is also denied, without prejudice, however, to a renewal thereof to the trial judge who may or may not then determine, in his discretion, that there are issues which should be submitted to a jury.

So ordered.

---

**3.** As originally promulgated, Rule 81(c) denied the right to trial by jury in a removed action to a litigant who had waived that right in the state court. That provision was removed from the Rule as of March 19, 1948.