Albert G. SEGAL and Dorothy L. Segal, his wife, to their Use and the Use of First Shore Federal Savings & Loan Association

v.

AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, and Equitable Fire & Marine Insurance Company of Providence, Rhode Island.

Civ. No. 14543.

United States District Court
D. Maryland.

Jan. 13, 1966.

Marcus J. Williams, of Berlin, Md., Arthur B. Hanson, of Washington, D. C.,

and Risque W. Plummer, of Baltimore, Md., for plaintiffs.

George M. Radcliffe, Niles, Barton, Gans & Markell, of Baltimore, Md., for defendants.

NORTHROP, District Judge.

This case involves defendants' motion to strike plaintiffs' demand for a jury trial. Having considered the arguments and authorities submitted by counsel, this court finds that defendants' motion to strike the plaintiffs' demand for a jury trial must be granted.

In essence, plaintiffs claim that they are entitled to a jury trial, notwithstanding the fact that this action was removed from the Circuit Court of Worcester County on April 3, 1963, that the answer was filed on November 25, 1964, and that a demand for a jury trial in this court was not made until June 29, 1965. The demand, urge the plaintiffs, was filed for the sole purpose of informing the court and counsel for the defendants that plaintiffs did not consent to trial without a jury. Thus, they claim that they would be entitled to a jury trial even in the absence of the June 1965 demand.

Rule 38(b) of the Federal Rules of Civil Procedure provides that

> "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. * * * *"

The "last pleading directed to such issue" in the instant case is the answer, which was filed on November 25, 1964.

It is the contention of plaintiffs that the time limitations of Rule 38(b) are not applicable in this case, inasmuch as Rule 81(c) removes the necessity for a demand when no demand would have been necessary, under state law, in the court from which the case was removed.

The relevant portion of Rule 81(c), as amended in 1963, reads as follows:

"If the state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal \* \* \*."

## I

Plaintiffs claim that "state law" did not require that a demand for jury trial be made in the Circuit Court for Worcester County, and that, therefore, they were not required to demand a jury trial in this court, but were entitled to trial by jury without demand. This claim must be rejected.

Section 2 of Rule VII of the court from which this case was removed reads as follows:

"On the Saturday of the second week preceding each jury term at 10 o'clock A.M., there shall be a preliminary call by the clerk of cases on the civil docket appearing on the trial calendar. As each case is called the litigants, in proper person or by attorneys, will indicate by proper order whether the respective cases will be tried or continued at the first available trial date under these rules, *and if to be tried whether a jury will be required.* No case on the civil docket not marked for trial at the preliminary call will be marked for trial at the official call of the civil docket or trial calendar; provided that removed cases received by the clerk and placed on the trial calendar after the preliminary call thereof may be marked for trial, with or without a jury, at the official call of the civil docket or trial calendar, as the case may be; and provided further, that nothing in this rule shall prevent the court sitting without a jury from hearing and then determining any matter or cause properly coming before the court at a non-jury term or at a law day or at any other convenient time. The election of a jury at the preliminary call shall be final for the next ensuing jury session of the court unless the parties shall agree and the court consent otherwise, or unless the case shall be settled, continued or removed by order of court. The clerk shall give at least five days written notice of each such preliminary call to all attorneys of record in the cases on the trial calendar." (Emphasis added.)

In the Circuit Court for Worcester County, if a request for a jury trial is not made at the preliminary call of the docket, a jury trial cannot be had. Thus, by rule of the court, if the party seeking trial by jury does not signify this election, his case is not tried before a jury. This procedure in Worcester County is different from that in certain other counties in the state of Maryland; in these other counties, the filing of a case on the law side of the court automatically results in the setting of the case for jury trial, with no further action being required of the litigants. The issue, then, is whether the rule of court in Worcester County is "state law in the court from which the case is removed." This court concludes that it is.

In Hauver v. Dorsey, 228 Md. 499, 502, 180 A.2d 475, 476 (1962), the court stated, with reference to the Maryland rules of practice and procedure:

"The Rules of this Court, of course, have the force of law, replacing inconsistent legislative provisions, subject only to the power of the Legislature to provide otherwise. \* \* \*"

Likewise, in Mercantile-Safe Deposit & Trust Co. v. Slater, 227 Md. 459, 467, 177 A.2d 520, 524 (1962), the court stated:

"[W]hile the rules of procedure may not abridge, enlarge or modify the substantive rights of a litigant, they are to be liberally construed, and, upon taking effect, they supersede all prior inconsistent public general and public local laws, municipal ordinances and rules of this and any

other court. \* \* \* Moreover, such rules as are made and adopted by this Court under its rule-making power have the force of law until rescinded, changed or modified by us or by the General Assembly."

■ Thus, the rules promulgated by the Maryland Court of Appeals would be considered "state law." As to rules promulgated by the lower courts, Rule 1 f of the Maryland Rules provides:

"The judges of the several courts \* \* \* shall have power to establish rules governing the practice and procedure in their respective courts and for the good government and regulation of the proceedings thereof, \* \* \* and the officers and suitors therein, provided that such rules shall not be inconsistent with any general rules adopted by the Court of Appeals, or with any statute then or thereafter in force."

The validity of a lower-court rule was challenged in Bastian v. Watkins, 230 Md. 325, 187 A.2d 304 (1963). The court found the particular rule in question to conflict with the general rules promulgated by the Court of Appeals, stating at 331, 187 A.2d at 307:

"It is thus apparent that so much of a local rule \* \* \* [as is] contrary to or inconsistent with a general rule of practice and procedure adopted by this Court in pursuance of constitutional and statutory authority, would be superseded by such general rules."

■ The rule in the Circuit Court for Worcester County is not contrary to or conflicting with any statute or any rule of the Maryland Court of Appeals. Nor does the rule contravene section 6 of Article XV of the Maryland Constitution, preserving the *right* to jury trial. Rather, the local rule, like the corresponding federal rules, merely states the manner in which the *right* to a jury trial must be *exercised*. The local rule, having the force and effect of law, under the authority of Rule 1 f, is "state law" within the meaning of Federal Rule 81(c).

II

■ Although the effective date of the amendment to Rule 81(c) was later than the date of removal of this case, the rule may be applied in cases pending at the effective date. Even so, the amendment does not benefit plaintiffs.

■ Admittedly, at the time of removal this case was in the early stages. The time for the preliminary call of the docket in the state court, and, therefore, the time at which an election for a jury trial would have to be made, were a long way off. This situation is similar to that in McRae v. Arabian American Oil Co., 34 F.R.D. 513 (S.D.N.Y.1964). There, state law required a demand for a jury trial at a stage in the proceedings subsequent to the stage reached by the time of removal. The plaintiffs in that case claimed that since, at the stage reached by the time of removal, they were not required to make formal demand for a jury trial, Rule 81(c) obviated the necessity for a demand after removal. To this contention the court replied:

"[The plaintiffs] apparently read the amendment to Rule 81(c) as providing that the party need not make a demand after removal if he had not waived a jury trial in the state court prior to removal. The answer to that contention is that the plain language of the amendment does not so provide; it merely obviates the necessity of a demand after removal in the absence of *any* state requirement for a demand." 34 F.R.D. at 515. [Emphasis added.]

■ This court agrees with the reasoning of the *McRae* case and concludes that under Rule 81(c) a party seeking a jury must, after removal, make a formal demand for a jury trial if, in the court from which the case was removed, he would have had to take some action to exercise his right to a jury trial. This court finds, as did the court in *McRae,* that the necessity for a demand after removal is obviated only where the case automatically would have been

set for jury trial in the court from which removed, without the necessity for any action on the part of the party desiring jury trial. (Of course, if a jury trial had been demanded prior to removal, there would be no need to repeat the demand after removal.)

Since the benefits of Rule 81(c) are not available to plaintiffs in this case, the successful exercise of their right to trial by jury depends upon their compliance with the provisions of Rule 38(b). Inasmuch as the demand in the present case was not made until many months after removal and after the answer had been filed, those time limitations have not been met. Plaintiffs, therefore, are not entitled to claim trial by jury as of right.

### III

Although this court, in the exercise of its discretion under Rule 39(b), might allow a jury trial notwithstanding the lateness of the demand, it declines to do so.

In Washington County Ins. Co. v. Wilkinson, 19 F.R.D. 177, 178–179 (D.Md. 1956), also involving an appeal to the court's discretion where the demand for jury trial had not been timely made, Judge Chesnut remarked:

"In my opinion the determining factor in such cases should be whether, despite the failure to comply with the rule, the nature of the case is such that one or the other of the parties is likely to be really prejudiced by the failure to have a jury trial. Where the issues are predominantly factual rather than legal there is more reason for the liberal exercise of the discretion to grant a jury trial. * * *

"There is still another consideration to be weighed. Rule 1 of F.R. C.P. provides that the rules 'shall be construed to secure the just, speedy, and inexpensive determination of every action'. I think rule 38 providing for the waiver of a jury trial unless specifically demanded within the time mentioned, is an illustration of the general policy of interpretation announced in rule 1. It is a matter of common experience that in civil cases, particularly those of a contractual nature, a nonjury trial can fairly and properly be concluded in substantially less time than is usually required in a jury case. And it should also not be overlooked that, especially where there is a considerable number of cases pending on the docket ready for trial, the time unnecessarily consumed in the trial of a particular case delays the trial of subsequent cases. And it is also to be remembered that needlessly longer trials usually involve more expense to litigants and to the government which freely provides the courts for the litigants."

On similar grounds, this court declines to exercise its discretion to grant a jury trial:

1. There are ten similar cases pending, each arising from the same storm in Ocean City and each involving a similar clause in the insurance policies.

2. In nine of the ten similar cases, as in this one, the demand for a jury trial was made a number of months after removal and after the filing of the answer.

3. In a case tried earlier, involving the same storm and the same contractual clause, a jury trial consumed two weeks; there is no indication that any of the pending cases would take less time if tried before a jury.

4. The docket of this court is overcrowded, as is the case with most courts today.

5. The expert testimony in each of these cases will be lengthy and complex. Cf. General Tire & Rubber Co. v. Watkins, 331 F.2d 192 (4th Cir. 1964).

6. The court can see no possible prejudice which would result from a trial before the court without a jury.

7. There will be much less expense for all parties if the cases are tried without a jury.

Therefore, the motion to strike plaintiffs' demand for a jury trial is granted. Defendants' counsel may present an appropriate order.