William **MALBON, Jr. and Thomas M. Malbon, Partners, t/a Malbon Brothers Farm, Appellants,**

v.

**PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY, Appellee.**

No. 80–1132.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 10, 1980.

Decided Dec. 30, 1980.

---

Calvin W. Breit, John H. Klein, Norfolk, Va. (Breit, Rutter & Montagna, Norfolk, Va., on brief), for appellants.

John F. Newhard, Jr., Norfolk, Va. (James A. Howard, II, Breeden, Howard & MacMillan, Norfolk, Va., on brief), for appellee.

Before BUTZNER, HALL and MURNAGHAN, Circuit Judges.

MURNAGHAN, Circuit Judge:

The single issue on appeal is: Did the trial court err by failing to give consideration to plaintiffs' request for a jury trial pursuant to F.R.Civ.P. 39(b)?

Plaintiffs brought suit on January 22, 1979, in the Circuit Court of the City of Virginia Beach, Virginia, to obtain indemnity for losses sustained when three of their grain silos collapsed. Plaintiffs contended that two insurance policies purchased by them from defendant covered their losses; defendant denied coverage.[1]

Defendant, on February 14, 1979, on diversity of citizenship grounds, removed the case to the United States District Court for the Eastern District of Virginia. Defendant on February 16, 1979 filed, in the district court, its Answer and Grounds of Defense.

The district court scheduled an initial pretrial conference for March 8, 1979. At that pretrial conference, plaintiffs for the first time signified their intention to pray a jury trial. On March 8, 1979, they made an oral demand for trial by jury, and subsequently, on the same day, filed a letter directed to

---

1. The factual issue was whether the collapse of the silos was caused by explosion or by structural defect. If the collapse had been caused by explosion, the insurance policies covered the loss; if structural defect had been the cause, the policies did not apply. Plaintiffs also originally sought reformation of the insurance contracts to remedy any lack, in the policies as written, of coverage as to structural loss. At trial they abandoned the reformation claim.

the Clerk of the United States District Court moving for a trial by jury.[2] On or about March 8, 1979, plaintiffs also filed an "Answer to Affirmative Defense."

■ Plaintiffs' problem presumably surfaced at the pretrial conference, for, under F.R.Civ.P. 38(b), a demand for jury trial must be in writing and served "not later than 10 days after the service of the last pleading directed to" the "issue triable of right by a jury."[3]

■ Plaintiffs attempted to escape their dilemma by claiming that their filing, on or about March 8, 1979, of a response to defendant's Answer and Grounds of Defense amounted to the last pleading for Rule 38(b) purposes. However, the "response" was clearly a superfluous document, not provided for in the Federal Rules of Civil Procedure, and, consequently, did not qualify as a pleading. F.R.Civ.P. 7(a): "There shall be a complaint and an answer;[4] . . . . No other pleading shall be allowed, . . .".

■ The possibility of an escape under a provision in F.R.Civ.P. 81(c), which applies to Removed Actions, and governs the situation where "state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury" was foreclosed, since the rules applicable in the Circuit Court of the City of Virginia Beach, did require an express jury trial demand, prior to trial. Virginia Code § 8.01–336: . . . "B. *Waiver of jury trial.*—In any action at law . . . , unless one of the parties demand that the case or any issue thereof be tried by a jury, . . . the whole matter of law and fact may be heard and judgment given by the court." *E. g., Blevins v. Lovelace's Executor*, 142 Va. 493, 497–98, 129 S.E. 247, 248 (1925). As a matter of custom and usage, the rule applicable in the Virginia Beach court is that a party must demand trial by jury no less than five days before trial.

The March 8, 1979 demand for a jury trial was the only document reasonably meeting the description of a motion or other pleading which was ever filed by plaintiffs with respect to the issue of jury trial. *See* F.R. Civ.P. 7(b)(1) requiring that a motion shall be in writing and "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Hence, the only pleading addressed itself exclusively to a demand for jury, as of right and not at all to the possibility of a discretionary relief by the court from the consequences of a waiver of the right to jury trial.

A question of some substance might be raised, therefore, as to whether the plain-

---

**2.** Plaintiffs have consistently referred to the letter to the Clerk as a "demand" for jury trial, the applicable term under F.R.Civ.P. 38(b) for a jury trial "of right", as distinguished from a request for relief from failure to demand a jury trial under Rule 38(b), when there is an application for a "discretionary order" under F.R. Civ.P. 39(b). *E. g.*, Appellants' Brief, page 2 ("plaintiffs made the demand in writing"); *Id.* page 3 ("In their Brief in Support of Their Demand for a Trial by Jury, plaintiffs contended . . .").

**3.** Rule 81(c) contains some provisions particularly applicable to removed actions. However, they have no effect here. They deal with situations where:

(1) "[A]t the time of removal all necessary pleadings have been served." (Here service of defendant's pleading denominated "Answer and Grounds of Defense" was not effected until after removal. The special provision would not aid plaintiffs in any event, since it similarly requires service of the jury demand "within 10 days after the petition for removal is filed" if the one demanding a jury trial is the petitioner, "or if he is not the petitioner within 10 days after service on him of the notice of filing the petition." The petition was served by mail on February 14, 1979, so, even with the three additional days accorded by Rule 6(e) since service was by mail, the jury trial demand had to be filed by February 27, 1979.

(2) "A party . . . , prior to removal, has made an express demand for trial by jury in accordance with state law." · (No such express demand was made prior to removal.)

The general terms of the Federal Rules consequently govern. Rule 81(c) provides that "[t]hese rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. . . . The failure of a party to make demand as directed constitutes a waiver by him of trial by jury."

**4.** The case involves no counterclaim, cross-claim or third-party complaint.

tiffs ever indeed presented, for consideration by the district court, an adequate request under F.R.Civ.P. 39(b) for relief from the waiver under Rule 38(b) of the right to a jury trial. Whether there has been a waiver at all, and whether, when there has in fact been a waiver, it can be cancelled out, and the right to jury trial reinstated, are two quite separate questions.[5]

Nevertheless, in briefing the district court in preparation for a hearing arising out of the jury trial demand under Rule 38(b), the plaintiffs also argued that, even if a waiver of the right to a jury had occurred because of the lapse of more than 10 days from the service by defendant of its Answer and Grounds of Defense, still relief from the waiver should be accorded under F.R.Civ.P. 39(b).[6]

Counsel for defendant has candidly and commendably acknowledged that he regarded the Rule 39(b) contention as having been duly raised, and we shall similarly treat it for present purposes. We do not, however, regard a memorandum arguing a point different than the one to which it properly is

addressed[7] as customarily sufficient compliance with the rules requiring the filing of a motion. Anyone who chooses to run the evident risk proceeds at his peril, and cannot count on this decision to provide an escape hatch from the consequences of incomplete development or preservation of the record.

■ The court heard oral argument respecting the entire jury trial issue, both (i) whether a waiver had occurred under Rule 38(b) and (ii) whether relief from the waiver should be allowed under Rule 39(b). In a lengthy order of April 13, 1979, the district court, through Judge Richard B. Kellam, ruled that the demand for a jury trial as of right was untimely. The court's order made no mention of plaintiffs' alternate application that the court grant a jury trial in exercise of its discretion.[8]

Plaintiffs suggest that there was error by Judge Kellam in citing Local Rule 20(A) of the United States District Court for the Eastern District of Virginia as a basis for denying Rule 39(b) relief. However, it is quite evident that its citation was merely to

5. F.R.Civ.P. 39(b) states:
    "... notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

6. The brief of plaintiffs states: "The secondary question then is whether this Court should exercise its authority under Rule 39(b) to permit trial by jury in the instant matter." It advances citations and arguments in favor of the proposition.

7. The brief begins: "The following Brief is submitted in support of plaintiffs' demand for trial by jury, which demand was made on the date of this Court's Initial Pre-Trial Conference held on March 8, 1979."

8. It is, of course, not absolutely necessary, that a judge, in disposing of a motion, specifically recite or otherwise discuss each contention advanced by the parties. An argument to which *sub silentio* treatment is accorded may be simply deemed not to have required specific reference. *Wimberly v. Clark Controller Co.*, 364 F.2d 225, 227 (6th Cir. 1966):
    While it is certainly the better practice to specifically rule on all pending motions, the determination of a motion need not always be expressed but may be implied by the entry

of an order inconsistent with the granting of the relief sought.
The argument may be deemed to have been considered, but to have been found insufficient in merit; it is not necessarily to be concluded that it must have been totally ignored. *Cf. O'Donnell Transp. Co. v. City of New York*, 215 F.2d 92, 95 (2d Cir. 1954):
    We do not think it fatal that the Court, in its short opinion, failed to detail all the circumstances supporting its decision. Those circumstances were clearly before the Court and the decision was obviously rendered in light of them.
In this case the order denying a jury trial was not obviously rendered in light of the Rule 39(b) arguments, for the district court was altogether silent as to those arguments. Still the arguments were made to the court and it is by no means obvious that they were not considered. As we shall elucidate, it was incumbent on plaintiffs to take some step to clarify any possible ambiguity as to whether the decision was rendered in light of the Rule 39(b) arguments. They took no such step.
    In light of the extreme informality in the manner in which plaintiffs raised the points under Rule 39(b), it ill becomes them to complain of the informal manner in which they were disposed of.

reinforce the conclusions derived from F.R. Civ.P. 38(b) that a waiver had occurred. The citation was not in connection with the Rule 39(b) arguments of plaintiffs, which were given no discussion by the district judge. Local Rule 20(A) merely reiterates, and is in complete harmony with F.R.Civ.P. 38(b), stating that "demand for jury trial must be in writing and filed strictly in accordance with Rule 38. Federal Rules of Civil Procedure." Furthermore, the contention that Local Rule 20(A) was cited and wrongly relied on for the ruling on F.R. Civ.P. 39(b) is totally inconsistent with plaintiffs' constantly reiterated position that "the trial court *absolutely* declined to consider the merits of the plaintiff's (sic) request for a jury trial under Rule 39(b)." (Emphasis supplied) (Appellants' Brief, page 7).

In the more than four months' interval from April 13, 1979, when Judge Kellam handed down his written Opinion and Order, until September 5, 1979, the date when the case came on for trial, on the question of liability only, plaintiffs did nothing to seek reconsideration of the possibility of Rule 39(b) discretionary relief from their jury trial waiver. At oral argument on appeal, counsel for plaintiffs-appellants stated that, on the very day of commencement of trial, the request for Rule 39(b) relief was orally renewed, was considered by the court, and was denied. The docket entries, however, make no reference to any

motion by plaintiffs, nor to any action by the court.

Following a trial, as to which plaintiffs do not assert that the district judge, John A. MacKenzie, committed any error,[9] the court ruled in favor of the defendant.

On appeal, plaintiffs have abandoned any argument that they did not, pursuant to Rule 38(b), in fact waive a jury trial. Nor do they contend that the failure to grant a jury trial constituted an abuse of discretionary power conferred by Rule 39(b). Rather, their argument addresses solely the supposed total refusal even to consider the granting of Rule 39(b) relief. Plaintiffs acknowledge the decision to grant a jury trial pursuant to Rule 39(b) is committed to the discretion of the trial court,[10] but attack on the asserted grounds that the court completely abdicated its duty to exercise its discretion.[11] They argue that the failure of the court specifically to mention the 39(b) request in its order, or to articulate a weighing of the relevant factors, demonstrates that no discretion at all was exercised.

Regardless of any merits the contention might have, had it been properly preserved for appeal, however, plaintiffs make it too late in the proceedings. Plaintiffs knew over four months before trial began that the court had failed specifically to address the Rule 39(b) motion in its order, yet plaintiffs did not seek to bring to the court's attention the possibility that the

---

**9.** The sole point on appeal is that *any* trial without a jury was improper; there is no contention that the trial, as conducted, was marred by any error.

**10.** They concede that, in the present case, had the trial court considered Rule 39(b) relief, but, in its discretion, had decided not to excuse the waiver and not to resurrect the right to a jury trial, they would have no viable basis for appeal. Appellants' Brief page 13: "Had the Court properly considered whether to exercise its discretion, given proper consideration to the factors used in determining whether to grant relief, and then made its decision, plaintiffs would have no complaint."

**11.** The factors which courts have weighed when deciding whether to grant a jury trial under Rule 39(b) include (1) whether the issues are more appropriate for determination by a

jury or a judge (*i. e.*, factual versus legal, legal versus equitable, simple versus complex), *see, e. g., Rutledge v. Electric Hose & Rubber Co.,* 511 F.2d 668, 675 (9th Cir. 1975); *General Tire and Rubber Co. v. Watkins,* 331 F.2d 192, 197–98 (4th Cir. 1964), *cert. denied,* 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed.2d 498 (1964); (2) any prejudice that granting a jury trial would cause the opposing party, *see, e. g., Washington County Insurance Co. v. Wilkinson,* 19 F.R.D. 177, 178 (D.Md.1956); (3) the timing of the motion (early or late in the proceedings), *see, e. g., Bosley v. Southern Bell Telephone & Telegraph Co.,* 1 F.R.D. 771, 772 (W.D.La.1941); (4) any effect a jury trial would have on the court's docket and the orderly administration of justice, *see, e. g., Segal v. American Casualty Co.,* 250 F.Supp. 936, 940 (D.Md.1966).

cause for silence on the subject was oversight or omission rather than a deliberate conclusion that the point, while considered, simply did not warrant discussion. Absent a showing of prejudice or some other reversible error, we will not consider plaintiffs' appeal. Beyond presenting a point, a party has a duty to make clear, after a court's ruling that does not mention a contention briefed and argued, that the party regards the point as still open and undisposed of, and still presses it. Otherwise, unaware of the party's position, the court is deprived of the opportunity to remedy any omission if one, in fact, exists. *See Subecz v. Curtis*, 483 F.2d 263, 266 (1st Cir. 1973): "Beyond presenting and arguing a point, an objecting party has a further duty to make clear, after the ruling, that he is still pressing it." The required duty proceeds, of course, on the assumptions that the point has not clearly been raised before, and that the opportunity is, in fact, available to make clear that the party is still pressing the point. Plaintiffs make no argument that the court was prejudiced, or committed any other reversible error. Yet plaintiffs never made, by motion or otherwise, any point to the lower court that their argument was totally ignored (rather than that it was considered but found wanting).

Plaintiffs are simply in no position to ask at this late date that the case be remanded. It can by no means be inevitably assumed that the district court altogether failed to exercise discretion under Rule 39(b). If it did exercise its discretion, plaintiffs, having advanced no reasons why such an exercise and resultant denial would have been an abuse of discretion, cannot prevail on appeal. Even if the district court failed to exercise its discretion, the point that there was a contention to that effect was never made known until appeal. It is elementary that an issue not raised below will not, absent extraordinary circumstances, and there are none here, be considered on appeal. *See United States v. One 1971 Mercedes Benz*, 542 F.2d 912, 915 (4th Cir. 1976); *United States v. Chesapeake & Ohio Ry. Co.*, 215 F.2d 213, 216 (4th Cir. 1975).

Alternatively, if the issue is to be considered at all on appeal, the point in time as of which consideration should be given comes after the devotion of much time and effort by Judge MacKenzie to the holding of the trial. It was not raised below at all, and not, on appeal, of course, until after that late date. No suggestion of error in the conduct of the trial has been advanced. With matters in such a post-trial posture, it would constitute an abuse of discretion, in the circumstances of the present case, to cast the burden of a whole retrial on not only the court (which would necessarily have to squander precious judicial resources), but upon the defendant as well. Especially is that so where the only claim is that, although the judge was free from any error in his conduct of the trial, the plaintiffs nevertheless wish to insist on trial by jury.

Plaintiffs' concession, at oral argument, that they renewed and the court denied their motion for a jury trial on the first day of trial, if the fact were established by the docket entries, would make disposition of the case far more simple and direct. Then, even assuming that the court's failure to mention the Rule 39(b) claim in its April 13, 1979 Opinion and Order constituted a failure to exercise discretion altogether, still, at the time of trial, the court certainly did exercise that very discretion. Nothing in Rule 39(b) suggests that the court is required to commit its exercise of the discretionary power to writing. *See* F.R.Civ.P. 39(b), 52(a) ("Findings of fact and conclusions of law are unnecessary on decisions of motions . . . except as provided in Rule 41(b).") Thus, on the basis of counsel's concession, we might recognize that exercise of Rule 39(b) discretion certainly occurred on September 5, 1979, even if it did not on April 13, 1979. Then, all grounds for plaintiffs' position would have eroded away. However, because of the state of the written record, we have chosen not simply to rely on that route to decision.

*AFFIRMED.*