**GOLDEN NUGGET, INC.,
et al., Plaintiffs,**

v.

**CHESAPEAKE BAY FISHING
COMPANY, L.L.C.,
Defendant.**

**No. CIV.A. 3:02CV537.**

United States District Court,
E.D. Virginia,
Richmond Division.

Nov. 14, 2002.

James Jarrett Reid, Williams Mullen, Virginia Beach, VA, Christopher Alan Abel, Williams Mullen, Newport News, VA, Stephen William Barry, Rossi Barry Corrado & Grassi PC, Wildwood, NJ, Counsel for Golden Nugget, Inc. and David Hickman.

Benita Webster Ellen, Hunton & Williams, Norfolk, VA, John Early Holloway, Hunton & Williams, Norfolk, VA, Counsel for American Proteins, Inc. and Chesapeake Bay Fishing Company, LLC.

## MEMORANDUM OPINION

WILLIAMS, Senior District Judge.

This matter is before the Court on the defendant's motion to strike the plaintiffs' demand for a jury trial. The plaintiffs filed this action in the Circuit Court for the County of Lancaster. The defendant removed the matter to this Court. The defendant's notice of removal was mailed to the plaintiffs on July 25, 2002, and was filed in this Court on July 26, 2002. The copy of the motion for judgment included with the defendant's notice of removal is dated June 28, 2002. The Court presumes that the motion for judgment was filed in the Circuit Court for the County of Lancaster on or after June 28, 2002, and that the defendant's removal to this Court was timely. On August 13, 2002, the plaintiffs filed a demand for jury trial, a copy of which was mailed to the defendant on August 12, 2002. The defendant's motion to strike the plaintiffs' demand for a jury trial asserts that the plaintiffs' demand was untimely and that the plaintiffs therefore waived their right to a jury trial.

Here, the parties do not dispute that the plaintiffs are entitled to trial by jury pursuant to Rule 38. The only dispute relates to the timing of the plaintiffs' demand. Rule 81(c) provides: "If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served ... within 10 days after service on the party of the notice of filing the petition." Fed. R.Civ.P. 81(c). The ten-day period begins to run from service rather than from filing. The defendant served its notice of removal on the plaintiffs by mail on July 25, 2002. Pursuant to Rule 5(b)(2)(B), service by mail is effective as of the date of mailing, but Rule 6(e) provides that "[w]henever a party has the right or is required to do some act or take some proceedings within

a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party [by mail], 3 days shall be added to the prescribed period." Fed.R.Civ.P. 6(e). The parties do not dispute that the additional three days provided by Rule 6(e) apply to the calculation of the plaintiffs' time for filing their jury demand pursuant to Rule 81(c). The confusion arises from the application of Rule 6(e) along with Rules 6(a) and 81(c), and specifically, how Rule 6(a) applies to the additional three-day period provided by Rule 6(e).

Rule 6(a) provides:

In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. . . .

Fed.R.Civ.P. 6(a).

 Without intervening holidays, Rule 6(a) operates such that a ten-day period prescribed by a particular rule corresponds to fourteen calendar days once weekends are excluded. If Rule 6(e) operates to extend the ten-day period prescribed by Rule 81(c) to a thirteen-day period, the total period would no longer be "less than 11 days," and, pursuant to Rule 6(a), intermediate Saturdays, Sundays, and holidays would not be excluded. Therefore, "adding" three days pursuant to Rule 6(e) would actually shorten the period of time within which a party must take action under the Rules and would defeat the purpose of Rule 6(e), which is meant to lengthen a prescribed time period to account for the delay in mail service. The only way to carry out the purpose of Rule 6(e) is to consider the additional three-day period separately from the ten-day period prescribed by Rule 81(c). This approach is consistent with the Federal Rules of Civil Procedure and existing caselaw. *See Treanor v. MCI Telecommunications Corp.*, 150 F.3d 916, 918 (8th Cir.1998); *Lerro v. Quaker Oats Co.*, 84 F.3d 239, 241–42 (7th Cir.1996).

The next question to resolve is whether to count the ten-day period first and then add the additional three days, or to add the three days before beginning to count the ten-day period. The most logical approach is one that will reach the same result regardless of the order in which the two periods are applied. The Court believes that the application of the Rules described herein will do so. Nonetheless, to assure consistent application of the Rules, the Court adopts a convention of applying and counting the "prescribed period," which in this case is ten days, first. Applying the provisions of Rule 6(a), the day of the triggering event "from which the designated period of time begins to run shall not be included" and "intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation" because the period is less than eleven days. After computing the ten-day period, three additional days are added to account for service by mail, pursuant to Rule 6(e). Given the language in Rule 6(e) that three days are to be "added to the prescribed period," the Court finds that computing the ten-day period consistent with Rule 6(a) and then "adding" three additional

days to extend the length of the prescribed period is a proper application of the Rules, and the one that provides the most consistency.

█ The three-day period provided by Rule 6(e) should be calculated as calendar days, rather than being considered an additional "prescribed period" of less than eleven days for which Saturdays, Sundays, and legal holidays are excluded from computation. The language in Rule 6(e) supports this reading, as does existing caselaw. Rule 6(e) extends the prescribed period of time to account for the delay in mail delivery when that method of service is used. Calculating the three-day period as calendar days is consistent with that purpose. Mail travels on Saturdays, Sundays, and legal holidays, even though it is not delivered on those days. Additionally, excluding those days from computation of the three-day period might create an unjustified lengthening of time in certain circumstances, and in doing so, may create incentives for parties to choose one form of delivering documents over another in the hope of altering the response time available to the other party or parties. Application of the Rules should avoid creating such incentives and discrepancies if at all possible. Therefore, although the three days provided by Rule 6(e) are calculated separately from the "prescribed period" of time, the three days are calculated by calendar days because it is not a new "period" of time, but instead is an addition that accounts for and equalizes the different methods available for service.

█ Finally, in all circumstances the Court applies the standard convention, included in Rule 6(a), that "[t]he last day of a [computed period] shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days." The only consistent way to apply the Rules and calculate any time period is to move the last day of the period to the end of the next day when the last day falls on a day that the clerk's office is closed or inaccessible, regardless of the time period being calculated.

Applying these rules to the facts at hand, the Court finds that the plaintiffs' demand for a jury trial was required to be served by August 12, 2002, pursuant to Rule 81(c). The defendant served its notice of removal by mail on Thursday, July 25, 2002. Therefore, the ten-day period prescribed by Rule 81(c) begins to run on Friday, July 26, 2002. The weekends of July 27 and 28, and August 3 and 4, 2002, are excluded, pursuant to Rule 6(a), and the ten-day period ends on August 8, 2002. The additional three days provided by Rule 6(e) are August 9, 10, and 11, 2002. Because August 11, 2002, was a Sunday, the period is considered to end on Monday, August 12, 2002. Therefore, the plaintiffs were required to serve their jury demand by that date, which they did.[1]

---

1. The Court finds it interesting that the defendant raises such strong objection to the timing of the plaintiffs' filings but is not more careful with its own filings. On October 17, 2002, the Court entered an agreed Order for substitution of parties. The Order was signed by and agreed to by all parties. In addition to substituting Chesapeake Bay Fishing Compa-

ny, LLC, for American Proteins, Inc., the Order granted the defendant ten days from the date of the Order to file an amended answer. The Order being dated October 17, 2002, the amended answer should have been filed by October 31, 2002. The defendant filed its amended answer on November 1, 2002.

Even if the three-day period is counted first, the result is the same. Here, because the defendant's notice of removal was served on July 25, 2002, the additional three days provided by Rule 6(e), if counted prior to calculating the ten-day prescribed period, would be July 26, 27, and 28, 2002. Because July 28, 2002, was a Sunday, the three-day period is considered to end on Monday, July 29, 2002. Therefore, the ten-day period prescribed by Rule 81(c) would begin on July 30, 2002, and end on August 12, 2002, excluding the weekends of July 27 and 28, and August 3 and 4, 2002. The Court maintains, however, that the proper convention is to count the ten-day "prescribed period" first, pursuant to Rule 6(a), and to add the additional three days, pursuant to Rule 6(e), to extend the period and determine the final deadline.

Additionally, to emphasize that the Court's interpretation of the rules most closely effectuates the purpose of the Rules and provides consistency in their application, the Court notes that if the defendant's arguments were accepted, August 9, 2002, would be the due date for the plaintiffs' to serve their jury demand, which is only one day later than it would be had the defendant served its notice of removal by hand delivery on July 25, 2002, rather than by mail. Such a result does not give effect to the three additional days provided by Rule 6(e) when service by mail is used.

█ Finally, even if the Court found that the plaintiffs' jury demand was not in strict compliance with the provisions of Rule 81(c), the Court deems the plaintiffs' demand for a jury to include, in the alternative, a motion for trial by jury pursuant to Rule 39(b) in the event the demand is considered untimely. Rule 39(b) allows the Court to order a trial by jury upon motion, "notwithstanding the failure of a party to demand a jury in an action in which such demand might have been made of right . . . ." Fed.R.Civ.P. 39(b). Resolution of a Rule 39(b) motion is "committed to the discretion of the trial court." *Malbon v. Pennsylvania Millers Mut. Ins. Co.*, 636 F.2d 936, 940 (4th Cir.1980). There are four factors that the Fourth Circuit requires the trial court to consider: (1) whether the issues are more appropriate for determination by a jury or a judge (simple v. complex, factual v. legal, legal v. equitable ); (2) whether permitting trial by jury would prejudice the other party; (3) when the motion was made; and (4) whether granting the motion would adversely affect the court's docket or the administration of justice. *Vannoy v. Cooper*, 872 F.Supp. 1485, 1486 (E.D.Va.1995) (denying plaintiff's request for a jury trial). The Court finds that each of these factors weighs in favor of granting a trial by jury in this matter.

For the reasons stated, therefore, the Court finds that the plaintiffs' jury demand was timely served on the defendant, and the Court denies the defendant's motion to strike the plaintiffs' jury demand.

An appropriate Order shall issue.

### *ORDER*

This matter is before the Court on the defendant's motion to strike the plaintiffs' demand for a jury trial. For the reasons stated in the accompanying Memorandum Opinion, the Court FINDS that the plaintiffs' jury demand was timely served on the defendant, and the Court DENIES the defendant's motion to strike the plaintiffs' jury demand.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.