**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-1794**

RAJENDER K. SALGAM

> Plaintiff – Appellant

and

MUNUSAMY KANDASAMY

> Plaintiff

v.

ADVANCED SOFTWARE SYSTEMS, INC.

> Defendant - Appellee

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony J. Trenga, Senior District Judge. (1:18-cv-00029-AJT-TCB)

Submitted:  April 28, 2023                              Decided:  August 11, 2023

Before HARRIS and RICHARDSON, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** John B. Flood, BERLIKLAW, LLC, Reston, Virginia, for Appellant. Timothy M. McConville, PRAEMIA LAW, PLLC, Reston, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rajender K. Salgam was sanctioned after committing fraud upon the district court by falsifying evidence. The district court dismissed Salgam's claims with prejudice and awarded Advanced Software System attorney's fees and costs. Salgam appeals, claiming that the district court abused its discretion in several respects. Finding no reversible error, we affirm.

To begin, Salgam claims that the district court failed to consider whether lesser sanctions would be appropriate before dismissing his claims with prejudice. But Salgam has waived this argument by failing to ask the district court to consider sanctions short of dismissal. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) ("Absent exceptional circumstances, we do not consider issues raised for the first time on appeal." (cleaned up) (quoting *Robinson v. Equifax Info. Servs, LLC*, 560 F.3d 235, 242 (4th Cir. 2009))). And even if we were to consider Salgam's argument, we would reject it. Salgam misreads the district court's order. The district court held that dismissal with prejudice, standing alone, was an insufficient sanction for Salgam's fraud because he had previously stipulated to dismissal with prejudice of his claims. In doing so, the district court necessarily held that imposing only a sanction short of dismissal with prejudice would be insufficient. *Cf. United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993) (explaining that dismissal with prejudice is "the most severe sanction" available).

Next, Salgam claims that the district court erred by failing to rule on his objections to a magistrate judge's recommendation before sanctioning him. But a district court need not explicitly rule upon a party's objections, so long as it considered and rejected them.

2

*See Wall v. Rasnick*, 42 F.4th 214, 220 (4th Cir. 2022).  And even accepting Salgam's premise that the district court failed to rule upon his objections, his argument still fails. Proceedings continued in the district court for nearly two years following the court's award of sanctions.  During this time, Salgam never raised his argument that the district court failed to rule upon his objections.  Consequently, he has not preserved it for appeal. *Malbon v. Penn. Millers Mut. Ins. Co.*, 636 F.2d 936, 940–41 (4th Cir. 1980).

Lastly, Salgam contends the district court abused its discretion in calculating the amount of fees and costs awarded by failing to consider the economic impact of the dismissal of Salgam's claims with prejudice.  But we will reverse a district court's award of attorney's fees only if it is clearly wrong or based upon an error of law.  *McAfee v. Bozcar*, 738 F.3d 81, 88 (4th Cir. 2013).  The district court's award is neither.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.  The district court's orders are

*AFFIRMED.*

3